UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

STEVEN HOLT, an individual, and TRY EXCELLENCE, LLC, an Oregon Domestic limited liability company,

        Plaintiffs,

  v.

THE URBAN LEAGUE OF PORTLAND, INC., an Oregon Domestic non-profit corporation; NKENGE HARMON-JOHNSON, individually and as President and CEO of THE URBAN LEAGUE OF PORTLAND, INC.; MICHAEL LEWELLEN, individually and as Board Chairman of THE URBAN LEAGUE OF PORTLAND, INC.; KARIS STOUDAMIRE-PHILLIPS, individually and as a Board Member of THE URBAN LEAGUE OF PORTLAND, INC.; JAMES MASON, individually and as a Board Member of THE URBAN LEAGUE OF PORTLAND, INC.; SEAN MURRAY, individually and as a Board Member of THE URBAN LEAGUE OF PORTLAND, INC.; NATIONAL URBAN LEAGUE, INC., a New York Domestic not-for-profit corporation; MARC MORIAL, individually and as President and CEO of NATIONAL URBAN LEAGUE, INC.; and TINA PIZZIMENTI, individually and as the Chief of Staff to CEO Defendant Morial of Defendant NATIONAL URBAN LEAGUE,

        Defendants.

Case No. 3:22-cv-00837-YY

ORDER

1 – ORDER

Plaintiff Steven Holt, both individually and through his ownership and operation of Try Excellence, LLC, has brought this suit alleging defamation, false light invasion of privacy, and intentional inference with economic relations against defendants Urban League of Portland, Inc. ("ULPDX"), its president and CEO Nkenge Harmon Johnson, and its board members Michael Lewellen, Karis Stoudamire-Phillips, Dr. James Mason, and Sean Murray (collectively "Portland Defendants"), as well as National Urban League, Inc., its president and CEO Marc Morial, and Morial's chief of staff, Tina Pizzimenti (collectively "New York Defendants"). Compl. ¶¶ 1–10, 32–53, ECF 1-1.

The Portland Defendants have filed a special motion to strike (ECF 35) under Oregon's anti-Strategic Lawsuit Against Public Participation ("SLAPP") statutes. As a preliminary matter, however, this court must decide plaintiff's motion for limited discovery in response to that motion. ECF 43.[1] In resolving this motion, the court directed questions to the parties, which they addressed in supplemental briefing (ECF 52, 53, 54), and held oral argument on the motion on January 25, 2023. ECF 63. The motion is granted in part and denied in part for the reasons discussed below.

I. **Legal Standard**

"ORS 31.150 provides a mechanism for a defendant to move to strike certain nonmeritorious claims predicated on speech and petitioning activity potentially entitled to constitutional protection." *Tokarski v. Wildfang*, 313 Or. App. 19, 21 (2021). "[T]he purpose of ORS 31.150 is to provide for the dismissal of claims against persons participating in public issues before the defendant is subject to substantial expenses in defending against them." *Id.*

---

[1] The New York Defendants' motion to dismiss for lack of personal jurisdiction (ECF 55) is addressed in separate findings and recommendations.

(quotation marks and alteration omitted). *Id.* at 21–22. Oregon's anti-SLAPP statute establishes a two-step, burden-shifting process. *Wingard v. Or. Family Council, Inc.*, 290 Or. App 518, 521 (2018). First, the defendant must show that the " 'the claim against which the motion is made arises out of' statements or conduct protect by ORS 31.150(2)." *Id.* at 521–22. If the defendant succeeds, then the plaintiff must "establish that there is a probability that the plaintiff will prevail on the claim by presenting substantial evidence to support a prima facie case. If the plaintiff meets this burden, the court shall deny the motion." *Id.* at 522 (quoting ORS 31.150(3)).

The approach to the second step differs in state and federal court. In state court, the "second step of the analysis is typically not constrained to the pleadings." *Conroy v. Clark*, No. 3:20-CV-00366-SB, 2020 WL 6731724, at *2 (D. Or. Oct. 29, 2020) (collecting cases). In federal court, though, the Federal Rules of Civil Procedure apply, and thus courts in the Ninth Circuit take a "tiered approach to anti-SLAPP motions." *Id.* (citing *Planned Parenthood Fed'n of Am., Inc. v. Ctr. For Med. Progress*, 890 F.3d 828, 834–35 (9th Cir. 2018); *see also Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("[F]ederal courts are to apply state substantive law and federal procedural law."). If an anti-SLAPP motion to strike challenges only the legal sufficiency of a claim, a district court should apply the Federal Rule of Civil Procedure 12(b)(6) standard and consider whether a claim is properly stated." *Planned Parenthood*, 890 F.3d at 834. "[W]hen an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply." *Id.* And "in such a case, discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court." *Id.*

3 – ORDER

## II.   Discussion

Plaintiff is involved in "public speaking and other community engagement events" at which defendants have also been "participants, speakers, and facilitators." Compl. ¶ 12, ECF 1-1. Plaintiff alleges that defendants "have falsely claimed that there are allegations of 'harassment' against [him] and that if he were to participate in certain events, there would be 'demonstrations' against his company." *Id.* ¶ 14. Plaintiff claims defendants' allegedly false statements "continue to circulate and spread throughout [his] professional and personal communities," several of his speaking engagements or other events have been cancelled, and his reputation has been irreparably damaged among these communities. *Id.* ¶¶ 15, 25–26

Plaintiff alleges the following false statements were made:

- In March 2022, during a phone call with another individual not party to this suit, plaintiff was asked "to explain the harassment situation with" ULPDX and National Urban League. Compl. ¶ 20, ECF 1-1 (internal quotation marks omitted). Plaintiff alleges that this was the first he had heard of the allegation against him. *Id.*
- Defendant Harmon Johnson "communicated to" defendant Morial at National Urban League "that not only was [plaintiff] accused of harassment, but additionally that [plaintiff] should not be allowed on the premises of [Urban League of Portland]." *Id.* ¶¶ 22–23.
- On March 6, 2022, plaintiff "was made aware . . . in an email from [d]efendant Pizzimenti" that defendant Morial had withdrawn from an upcoming event at which plaintiff and Morial were scheduled to appear. *Id.* ¶¶ 21, 23–24. Pizzimenti told plaintiff that the harassment complaint against plaintiff was the reason Morial had pulled out of the event. *Id.* ¶ 24.
- Harmon Johnson "communicated . . . to event coordinators that should the event continue with [plaintiff's] involvement," ULPDX "would openly protest the event." *Id.* ¶ 24.

In their motion to strike, defendants Harmon Johnson and ULPDX assert: (1) the statements Harmon Johnson made—i.e., that there had been a harassment complaint lodged against plaintiff and that he had been "excluded" from ULPDX's offices—were true, and attached email records seeming to reflect those facts, Mot. Strike 1–6, ECF 35; (2) the statements

4 – ORDER

from Harmon Johnson to Morial are subject to qualified privilege because the statements were made on a matter of mutual concern, *id.* at 13; and (3) plaintiff is a public figure, meaning he must prove that Harmon Johnson made the statements when she knew they were false or recklessly disregarded whether they were false. *Id.* at 13–15.

The other individually named Portland defendants are members of ULPDX's board of directors (collecting "Board Defendants"), and they assert in various ways that they were not involved in the alleged defamation. *See* Compl. ¶¶ 4–7, ECF 1-1. Stoudamire-Phillips states that she discussed the matter with plaintiff but denied any involvement. Joinder Memo. 2, ECF 39. Mason heard of the allegations against plaintiff at a different community meeting sometime later in 2022. *Id.* 2–3. Murray served on ULPDX's board from 2017 to 2021, and while on the board, he also was the director of human resources of Prosper Portland, "the public body that contracts with [plaintiff] to facilitate community meetings." Murray Decl. ¶¶ 2–3, ECF 42. In his role at Prosper Portland, Murray "became aware of a complaint by a ULPDX employee against Dr. Holt in his capacity as a meeting facilitator." *Id.* ¶ 3. He discussed the matter with the employee and Harmon Johnson, but no one else. *Id.* ¶ 4.[2]

Plaintiff claims that he needs the following discovery to respond to the Portland Defendants' motion to strike:

1. Documentation as to the dates and roles of the board members from 2020 through 2022, specifically with regard to the scope of their decision-making roles and responsibilities.
2. Policies in place at the time of the alleged incident in 2020 and any changes to the policies and procedures in place then through the present, including policies specifically addressing "harassment"; how such policies were disseminated and to whom, including any required written or electronic signatures or acknowledgements, if any.

---

[2] The remaining Board Defendant, Michael Lewellen, has not yet been served. Mot. Ltd. Discovery 2, ECF 4.

5 – ORDER

3. Incident response, investigation, and grievance procedures, including the process, scope, timeframe, and procedures for assessing and responding to any complaints, and all persons, agencies, and/or organizations involved in such response, investigation and decision-making process, including any investigative notes, written communications, statements and decisions, if any.
4. Communications and statements regarding the alleged incident in 2020, including when, how, and to whom such communication was made, and for oral communications, the substance of the statement.
5. Communications and statements regarding plaintiff as a "harasser," including when, how, and to whom such communication was made, and for oral communications, the substance of the statement.
6. Communications with other organizations or agencies, including with the National Urban League regarding plaintiff as a "harasser," including when, how, and to whom such communication was made, and for oral communications, the substance of the statement.

Mot. Ltd. Discovery 5–6, ECF 43 (simplified).[3]

No discovery is necessary from the Board Defendants because plaintiff has not adequately explained how discovery from any of the Board Defendants is relevant to the purportedly defamatory statements alleged in the complaint. "To establish a claim for defamation, a plaintiff must show that a defendant made a defamatory statement about the plaintiff and published the statement to a third party." *Neumann v. Liles*, 358 Or. 706, 711, (2016) (quoting *Wallulis v. Dymowski*, 323 Or. 337, 342–43 (1996)). And although this order does not conclusively analyze the legal sufficiency of plaintiff's allegations against the Board

---

[3] The Portland Defendants' repeated assertion that plaintiff's requested discovery should be denied because plaintiff did not timely attach a Rule 56(d) declaration describing the need for discovery is not well-taken. *See* Sur-Response 1–2, ECF 54 (citing *Williams v. Kula*, No. 3:20-CV-1120-GPC-AHG, 2020 WL 5046864, at *9 (S.D. Cal. Aug. 26, 2020). The Ninth Circuit in *Planned Parenthood* directs that discovery "must" be allowed in response to an anti-SLAPP motion that challenges the factual sufficiency of the complaint. 890 F.3d at 834. And even the case that the Portland Defendants' cite in support of their position recognizes *Planned Parenthood*'s clear direction on this point and rejected the defendants' argument that the plaintiffs should not be allowed discovery because they did not submit a Rule 56(d) declaration. *See Williams*, 2020 WL 5046864, at *4; *see also id.*, No. 3:20-CV-1120-GPC-AHG, Def.'s Opp. 6–8, ECF 38. Plaintiff's briefing and oral argument have sufficiently established that at least some of plaintiff's requested discovery should be allowed.

6 – ORDER

Defendants, the complaint, as currently constructed, does not allege that any Board Defendant made any statement, much less a defamatory one. In fact, the complaint does not allege any facts about the Board Defendants at all, other than their roles related to ULPDX, and the only allegation in the complaint that could be even favorably construed as involving the Board Defendants is that "baseless allegations were spread" about plaintiff among unidentified third parties. Compl. ¶ 15, ECF 1-1. That is insufficient to allow plaintiff to seek discovery against the Board Defendants. *See Soule v. Curry Health Dist.*, No. 1:14-CV-1381-CL, 2015 WL 4488162, at *2 (D. Or. July 22, 2015) (dismissing defamation claim where the complaint contained no allegation that certain individual defendants made any statement), *report and recommendation adopted in part*, 2015 WL 4488162 (D. Or. July 22, 2015); *see also Just. v. Rockwell Collins, Inc.*, 117 F. Supp. 3d 1119, 1132 (D. Or. 2015) ("[P]laintiff is not entitled to engage in a fishing expedition borne from broad, conclusory allegations, unsubstantiated by facts."). Thus, to the extent any of plaintiff's Requests Nos. 1 through 6 seek discovery from the Board Defendants, those requests are denied.

For similar reasons, plaintiff's Request No. 1 seeking "Documentation as to the dates and roles of the board members from 2020 through 2022, specifically with regard to the scope of their decisions [sic] making roles and responsibilities" is denied. Mot. Ltd. Discovery 5, ECF 43. There are no allegations in the complaint that support an exploration into the Board Defendants' roles in ULPDX.

The complaint alleges that the only statements by any of the Portland Defendants are Harmon Johnson's statements to the New York Defendants that "not only was [plaintiff] accused of harassment, but additionally that [plaintiff] should not be allowed on the premises of [ULPDX]," and Harmon Johnson's statement to "event coordinators that should the event

7 – ORDER

continue with [plaintiff's] involvement," ULPDX "would openly protest the event." Compl. ¶ 22–24, ECF 1-1. And while Harmon Johnson asserts that her statements were subject to the "qualified privilege" because of the mutual interest between ULPDX and National Urban League, the qualified privilege may be lost if, among other things, "the publisher does not believe or lacks reasonable grounds for belief in the truth of the alleged defamatory statement[.]" *Robillard v. Opal Labs, Inc.*, 428 F. Supp. 3d 412, 447 (D. Or. 2019). The Portland Defendants have produced some email communications reflecting that a harassment complaint had been lodged about plaintiff, but there is no evidence tending to show whether any investigation regarding the complaint occurred. *See* Doe Decl., Ex. 1, ECF 36-1. If, for example, the complaint was investigated and plaintiff was cleared of any wrongdoing, then Harmon Johnson's statement that plaintiff was the subject of a harassment complaint could be defamatory. *See Reesman v. Highfill*, 327 Or. 597, 604 (1998) (explaining that under Oregon law, a "communication that is not defamatory on its face may be defamatory if a reasonable person could draw a defamatory inference from the communication."). And while this order does not suggest that either 1) the qualified privilege does or does not apply, or 2) the statement is or is not defamatory in context, plaintiff is entitled to discover information that would tend to show what Harmon Johnson knew about any investigation into the harassment complaint against plaintiff. It is not sufficient for the Portland Defendants to submit, as defense counsel suggested at the hearing, self-serving declarations that the documents included with their motion to strike are the only ones related to the harassment complaint that exist.

As a result, Request No. 3, which seeks "incident response" and related documents for "any complaint" within ULPDX, is granted in part and denied in part. Mot. Ltd. Discovery 5, ECF 43. It is denied to the extent plaintiff seeks documents related to "any complaint" because

8 – ORDER

that request lack specificity as to time or topic and is too broad. But it is granted in that plaintiff is entitled to discover documents from ULPDX and Harmon Johnson related to the January 2020 harassment complaint lodged against plaintiff.

Plaintiff's Requests Nos. 4, 5, and 6 are somewhat problematic because they are in part an attempt to identify additional statements that plaintiff suspects may have been made. *E.g.*, Mot. Ltd. Discovery 5 (requesting "Communications and statements regarding this alleged incident in 2020, including when, how and to whom such communication was made"). "Publishing or communicating the defamatory statement is an essential element of an action for defamation." *Robillard*, 428 F. Supp. 3d at 445 (internal quotation marks omitted). Plaintiff alleges only that Harmon Johnson "published" a statement to a third person.[4] As to the other Portland Defendants, Requests Nos. 4, 5, and 6 seem to be discovery requests in search of a claim because they seek yet-to-be identified statements that unidentified Portland Defendants perhaps made to unidentified third parties. Thus, Requests Nos. 4, 5, and 6 are granted as to Harmon Johnson but denied as to all other Portland Defendants.

Finally, Request No. 2 seeks, among other things, policies in place at the time of the incident in January 2020 and any subsequent changes to those policies. That request is granted insofar as the request seeks policies that are relevant to the January 2020 harassment complaint, but denied to the extent the request seems to seek "all" policies without any limitation.

---

[4] Although the allegation that Harmon Johnson made statements to "event organizers" about the 2020 incident is not particularly specific, it is specific enough that Harmon Johnson can investigate and defend against plaintiff's claim. *See Weeks v. Curry Cnty.*, No. 1:16-CV-00772-CL, 2016 WL 11187250, at *8 (D. Or. Nov. 8, 2016), *report and recommendation adopted,* No. 1:16-CV-0772-CL, 2017 WL 114083 (D. Or. Jan. 10, 2017) (denying motion to dismiss defamation claim where plaintiff did not plead contents of the statement but pleaded to whom and approximately when the statement was made).

9 – ORDER

**ORDER**

Plaintiff's motion for limited discovery (ECF 43) is granted in part and denied in part as detailed in this Order.

IT IS SO ORDERED.

DATED February 14, 2023.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

10 – ORDER