Clifford S. Davidson, OSB No. 125378
csdavidson@swlaw.com
Marsha Cotton (*pro hac vice*)
mcotton@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
Telephone:  503.624.6800
Facsimile:   503.624.6888
Attorneys for Defendants The Urban League of
Portland, Inc., Nkenge Harmon Johnson (erroneously
sued as "Nkenge Harmon-Johnson"), Karis Stoudemire-
Phillips, Dr. James Mason, and Sean Murray

**UNITED STATES DISTRICT COURT**
**DISTRICT OF OREGON**
**PORTLAND DIVISION**

| | |
|---|---|
| STEVEN HOLT, an individual, and TRY EXCELLENCE, LLC, an Oregon Domestic limited liability company,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>THE URBAN LEAGUE OF PORTLAND, INC., an Oregon Domestic non-profit corporation; NKENGE HARMON-JOHNSON, individually and as President and CEO of THE URBAN LEAGUE OF PORTLAND, INC.; MICHAEL LEWELLEN, individually and as Board Chairman of THE URBAN LEAGUE OF PORTLAND, INC.; KARIS STOUDAMIRE-PHILLIPS, individually and as a Board Member of THE URBAN LEAGUE OF PORTLAND, INC.; JAMES MASON, individually and as a Board Member of THE URBAN LEAGUE OF PORTLAND, INC.; SEAN MURRAY, individually and as a Board Member of THE URBAN LEAGUE OF PORTLAND, INC.; NATIONAL URBAN LEAGUE, INC., a New York Domestic not-for-profit corporation; MARC MORIAL, individually and as President and CEO of NATIONAL URBAN LEAGUE, INC.; and TINA PIZZIMENTI, individually and as the Chief of Staff to CEO Defendant Morial of Defendant NATIONAL URBAN LEAGUE,<br><br>　　　　　Defendants. | Case No. 3:22-cv-837-YY<br><br>MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTARY MEMORANDUM AND DECLARATION (DKT. NOS. 85, 86) |

## LR 7-1 CERTIFICATION

The parties made a good faith effort to resolve this motion but did not resolve it.

## MOTION

Pursuant to the Court's order of August 23, 2023 (Dkt. 87), Portland Defendants move to strike Plaintiffs' Supplementary Memorandum, and accompanying declaration, filed on August 18, 2023 (the "Memorandum and Declaration"). (Dkt. Nos. 85, 86.)

## MEMORANDUM

The Memorandum and Declaration should be stricken for failure to comply with the Court's July 31, 2023 order and Local Rule 7-1(e)(3). Specifically, the Memorandum improperly asserts new arguments, and the Declaration presents new evidence, that could have, and should have, been raised in Plaintiffs' Response to Defendants' Special Motion to Strike (Dkt. 71). Further, the new materials are irrelevant and therefore subject to being stricken.

**I.    Plaintiffs' belated submissions are improper and irrelevant.**

Due to the recent publication of Oregon Court of Appeals decisions related to the "public interest" analysis under Oregon's anti-SLAPP statute, this Court requested that each party file a 5-page supplemental brief addressing two new authorities: *DeHart v. Tofte*, 326 Or. App. 720 (July 6, 2023), and *Davoodian v. Rivera*, 327 Or. App. 197 (July 26, 2023). (Dkt. 79.) On August 18, 2023, instead of limiting the response to the public interest analysis, and without prior Court approval, Plaintiffs submitted their Supplemental Memorandum along with a 40-page declaration and transcript for the stated purpose of "fully distinguish[ing] this case" and "proving malice for his defamation claim." (Dkt. 85 at 2, 4-5.)

The materials are improper. Contrary to Plaintiffs' assertion, the recent opinions did not impose a new malice standard justifying an over-length memorandum and another

Page 1 - MOTION TO STRIKE

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204-3229
503.624.6800

declaration/exhibit. Indeed, Plaintiffs already acknowledged they were required to present evidence that Ms. Harmon Johnson acted with constitutional malice and fully briefed the issue. (*See* Plaintiffs' Response at 5, 15, 17.)

Additionally, although Plaintiffs claim the Memorandum and Declaration are necessary to "distinguish[]" this case from *DeHart* and *Davoonian*, they actually comprise an impermissible surreply. If needed, Plaintiffs easily could have referenced the prior briefings in this matter to "distinguish[]" the cases. Plaintiffs have had every opportunity to set forth the evidence purported in the declaration and transcript (as further outlined below). The time to do so has passed, and Plaintiffs should not be allowed to take advantage of the Court's request for limited briefing to try and "clean up" their position. *See U.S. v. Matthews*, No. 2:15-cr-00062-APG-DJA, 2023 WL 4849131 at *9 (D. Nev. July 27, 2023) (declining to consider new issues raised in supplemental briefing because the defendant "could and should have raised those issues earlier"); *Acosta v. City of Salinas*, No. 15-CV-05415-LHK, 2016 WL 778017 at *5 (N.D. Cal. Feb. 29, 2016) (explaining the court need not consider issues raised for the first time aft the court ordered the parties to file supplemental briefing); *Nyerges v. Hillstone Rest. Grp. Inc.*, No. CV-19-02376-PHX-DWL, 2020 WL 4365886, *2 (D. Ariz. July 30, 2020) ("Plaintiffs also use their supplemental brief as a vehicle for raising two new arguments that weren't raised in their initial brief. This approach is improper, given the clear instructions in the July 20, 2020 order concerning the scope of the supplemental brief, but the new arguments fail on the merits in any event.").

**II.    The materials are untimely and violate the Local Rules.**

The video described in Plaintiff Holt's declaration has been publicly available and accessible to Plaintiffs since January 13, 2020—well before the complaint was filed. Attempting

to squeeze it in as new evidence because Plaintiffs failed to include it with their original briefing is clearly not what the Court intended in its request for Supplemental Briefing.[1]

### III. The declaration and transcript are irrelevant to satisfying Plaintiffs' anti-SLAPP burden.

Focusing on the actual statements as alleged in the complaint (s*ee* Complaint at ¶¶ 22-24; Resp., Dkt. 71, at 14; Suppl. Mem., Dkt. 85, at 5), the video and declaration do nothing to address Ms. Harmon Johnson's emails truthfully stating that a harassment complaint was filed against Plaintiff Holt. The following facts remain: (1) Ms. Doe submitted a complaint to Prosper Portland alleging harassing comments made by Mr. Holt on January 9, 2020; and (2) Ms. Harmon Johnson stated in an email to Mr. Marc Morial that the complaint had been lodged. *See* Jane Doe Decl. Dkt 36 at ¶¶ 4-5; Harmon Johnson Decl. 37-1 at 2.

In any event, Jane Doe has not alleged that Mr. Holt made comments to her *during* the time he was officiating the in-session meeting. (*See* Jane Doe Declaration, Dkt. 36 at 2.)[2] Plaintiffs' transcript and declaration prove nothing more than that Mr. Holt was recorded on stage at the meeting.[3] It does not prove or disprove that Mr. Holt made a comment to Jane Doe during an un-recorded part of the event.

### III.  Conclusion

Plaintiffs cannot evade the expired Response deadline by asserting arguments in their "Supplemental Memorandum" that the Court did not order to be briefed, or by submitting more

---

[1] This is not Plaintiff's first untimely submission. On May 22, 2023, Plaintiffs filed a second declaration two weeks after Portland Defendants submitted their anti-SLAPP reply.
[2] If the Court would like, Jane Doe is willing to submit a declaration stating that the comment was made in front of her fellow committee members while the event was being set up.
[3] In fact, the video had multiple 5-minute intermissions where the camera stopped recording during the program. *See* Dkt. 86 at 6, 22; *see also* YouTube video at 1:50 – 6:10 and 27:45 – 33:30, https://www.youtube.com/watch?v=FxLfgXUPHKQ&t=2573s.

evidence. But even if the Court considers these materials, they are irrelevant to the *prima facie* case Plaintiffs were required to support in order to satisfy anti-SLAPP Prong 2. The Court should strike them accordingly.

Dated this 6th day of September, 2023.   SNELL & WILMER L.L.P.

/s/ Clifford S. Davidson
Clifford S. Davidson, OSB No. 125378
Marsha Cotton (*pro hac vice*)
Attorneys for Defendants The Urban League of Portland, Inc., Nkenge Harmon Johnson (erroneously sued as "Nkenge Harmon-Johnson"), Karis Stoudemire-Phillips, Dr. James Mason, and Sean Murray

4869-7820-7357