Christopher L. Cauble, OSB No. 962374
CAUBLE & WHITTINGTON, LLP
111 SE Sixth Street
Grants Pass, OR 97528
Tel. 541-476-8825
Fax 541-471-1704
ccauble@thecaublefirm.com

*Attorney for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| STEVEN HOLT, an individual, and TRY EXCELLENCE, LLC, an Oregon Domestic limited liability company,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>THE URBAN LEAGUE OF PORTLAND, INC., an Oregon Domestic non-profit corporation; NKENGE HARMON-JOHNSON, individually and as President and CEO of THE URBAN LEAGUE OF PORTLAND, INC.; MICHAEL LEWELLEN, individually and as Board Chairman of THE URBAN LEAGUE OF PORTLAND, INC.; KARIS STOUDAMIRE-PHILLIPS, individually and as a Board Member of THE URBAN LEAGUE OF PORTLAND, INC.; JAMES MASON, individually and as a Board Member of THE URBAN LEAGUE OF PORTLAND, INC.; SEAN MURRAY, individually and as a Board Member of THE URBAN LEAGUE OF PORTLAND, INC.; NATIONAL URBAN LEAGUE, INC., a New York Domestic not-for-profit corporation; MARC MORIAL, individually and as President and CEO of NATIONAL URBAN LEAGUE, INC.; and TINA PIZZIMENTI, individually and as the Chief of Staff to CEO Defendant Morial of Defendant NATIONAL URBAN LEAGUE,<br><br>　　　　　　　　Defendants. | Case No. 3:22-cv-837-YY<br><br>PLAINTIFF'S OBJECTIONS TO DEFENDANT'S MOTION FOR ATTORNEY FEES |

**TABLE OF CONTENTS**

**OBJECTION** ............................................................................................................................... 3

**MEMORANDUM** ...................................................................................................................... 3

    **I.**    **ORS 31.152(3) mandates an award of <u>reasonable</u> attorney fees and costs.** ................. 3

    **II.**    **The hourly rates at which ULPDX seeks to recover fees in this matter are far from reasonable; even for the Portland market.** ........................................................................ 3

        **A.**    **An hourly rate of $525 for Mr. Davidson is not reasonable.** ................................. 3

        **B.**    **An hourly rate of $425 for Ms. Cotton is not reasonable.** ....................................... 3

        **C.**    **An hourly rate of $295 for Dana Jones is reasonable.** ............................................ 4

        **D.**    **An hourly rate of $125 for Ms. Sauceda-Chirinos is reasonable.** ........................... 4

    **III.**    **Time for which ULPDX seeks compensation was not reasonably necessary.** ........... 4

    **IV. Charges for electronic legal research are compensable because they were billed separately and necessarily incurred.** ....................................................................................... 5

    **V. The ORS 20.075 factors do not favor an award of attorney fees in the amount of $82,808.00.** .............................................................................................................................. 5

    **VI. The Court should not award $4,200 for the fees incurred in preparing this motion.** .. 7

    **VII. Conclusion** ........................................................................................................................ 8

**CERTIFICATE OF SERVICE** ................................................................................................. 9

## OBJECTION

PLAINTIFF HEREBY OBJECTS to The Urban League of Portland, Inc. ("ULPDX") Motion for Attorney fees filed on the 24th of January, 2024, requesting an award of $91,818.00 in attorney fees (including electronic research charges) and $402 in recoverable costs.

## MEMORANDUM

**I.   ORS 31.152(3) mandates an award of <u>reasonable</u> attorney fees and costs.**

Plaintiff concedes that the Anti-SLAPP statute states an award of reasonable attorney fees and costs shall be awarded to the prevailing moving party. ORS 31.152(3). However, the Court is still bound to award "reasonable" attorney fees and costs, which Defendant's motion goes far beyond considering the stage of the case when the Plaintiff's claims were dismissed.

**II.   The hourly rates at which ULPDX seeks to recover fees in this matter are far from reasonable, even for the Portland market.**

According to CLIO legal trends report on average fees in Oregon by practice area found the range for Civil Litigators to be around $346 per hour, with the 2023 average hourly rate for attorneys in Oregon at $255 per hour. See CLIO Hourly Rates in Oregon by Practice Area Report: https://www.clio.com/resources/legal-trends/compare-lawyer-rates/or/ (2023). The only rate at which Defendant's billed at a reasonable rate considering the circumstances of the case and the area of law, was Ms. Sauceda-Chirinos who billed at $125 per hour.

Even in Defendants own OSB 2022 Billing report, the median rate for attorneys in private practice with experience over thirty (30) years is $425 per hour in Portland. Likewise, the median rate for Civil Litigation Defense in Portland is $415. See Defendant's Exhibit 1.

**A.   An hourly rate of $525 for Mr. Davidson is not reasonable.**

Mr. Davidson's rate is $100 over the average for a thirty (30) year attorney in Civil Litigation Defense

**B.   An hourly rate of $425 for Ms. Cotton is not reasonable.**

Ms. Cotton's rate of $425 is reasonable for an attorney with thirty (30) years of experience in Civil Litigation Defense. Ms. Cotton graduated from Law School in 2018, and has been

practicing for about six years, putting her proposed billing rate near the 95th percentile for attorneys with similar experience.

**C. An hourly rate of $295 for Dana Jones is reasonable.**

**D. An hourly rate of $125 for Ms. Sauceda-Chirinos is reasonable.**

**III.    Time for which ULPDX seeks compensation was not reasonably necessary.**

Defendants essentially argue that because Plaintiff's stance of the defamation claim was not in-step with the Defendant's view of the claims, that Plaintiff should be subject to a more time such to compensate Defendant. Plaintiff underwent this case on the basis that the statement that he had been accused of harassment was defamatory because of the speaker's knowledge of the falsity that would be associated with the statement. A claim for defamation for a person speaking a partial truth, with knowledge of what the falsity of their statement would be interpreted as, is established in Oregon case law.

*"[T]he statement that the Plaintiff was 'accused of harassment' is not defamatory in itself because it does not state any falsehood that could expose the Plaintiff to contempt. Clifford v. Trump, 818 F. App'x 746 (9th Cir. 2020). However, that same statement becomes a case of publisher liability for all who repeated that he was accused of "harassment", if the "harassment" that the Plaintiff was supposedly accused of is false and defamatory. Id."* See Plaintiff Supplement Memorandum in Support of Motion for Discovery, Page 3.

Regarding the declaration filed by Plaintiff, the Plaintiff only submitted the transcript of the meeting where the alleged harassment occurred, as an attempt to defeat the Anti-SLAPP. Plaintiff requested that the Court in its discretion allow the declaration, and Plaintiff should not be required to pay for the Defendant's review of a transcript which was not accepted by the Court. Plaintiff went through the necessary procedures to request the Court accept the declaration in its discretion and should not be forced to compensate the prevailing party when the declaration was struck from the record.

Regarding the Oregon Court of Appeals briefs filed by the parties, both parties were required to brief the caselaw for the court, and it is not reasonable to hold that a Plaintiff should

Page 4 - PLAINTIFF'S OBJECTIONS TO DEFENDANT'S MOTION FOR ATTORNEY FEES

be charged a higher fee on the basis of the Court's instruction to brief new caselaw which happens to be consequential to the legal question at hand in their matter.

Finally, the objections to the findings and recommendations were made by the Plaintiff to preserve their right and establish their grounds for appeal and required little-to-no response beyond the reiteration of the Court's findings and recommendations.

As a final note, a request for attorney fees of this amount in a case such as this where very limited discovery was allowed, no depositions were taken, and no substantive answer was filed to the Complaint, goes beyond what would be reasonable for a case with this factual and legal background. To hold that an award of over $80,000.00 for legal fees before any discovery occurred, and without substantively responding to the Plaintiff's allegations in an Answer, would go beyond the Court's interpretation of reasonable costs in cases which are dismissed before discovery.

**IV. Charges for electronic legal research are compensable because they were billed separately and necessarily incurred.**

Just because case law allows for the recovery of electronic legal research billings, does not mean that those charges are still held to the standard of reasonable. A request of nearly $5,000 for strictly electronic research on limited relevant Oregon Anti-SLAPP caselaw is not reasonable given the circumstances where Oregon case law on the Anti-SLAPP statute is greatly limited.

**V. The ORS 20.075 factors do not favor an award of attorney fees in the amount of $82,808.00.**

As stated in ORS 20.075(4), nothing in this section of the ORS authorizes the award of attorney fee in excess of a reasonable amount. It is clear the Defendants are attempting to inflate their attorney fees to quell Plaintiffs from bringing claims such as the subject of this matter when they have valid claims due to fear of being financially debilitated.

**Factor (1a)** – Defense claims that Plaintiff should have abandoned this litigation once they were informed of the basis for Ms. Harmon Johnson's statement to National Urban League—that Mr. Holt had been reported to a public agency for harassing a ULPDX employee. However,

Defense fails to identify the Plaintiff's argument that the statement that a complaint had been lodged was defamatory in itself due to the information known to the Ms. Harmon Johnson. Namely, that there was no evidence of the organization following its own protocol in situations where individuals are accused of harassment. Likewise, Ms. Harmon Johnson is believed to know the falsity of the complaint, such that her statement was defamatory.

Regarding the Plaintiffs naming the Board of the ULPDX, the Plaintiff was unable to secure any discovery or evidence such to show that the Board had no relation to the alleged defamatory representation of Ms. Harmon Johnson, and it was reasonable to include them as Defendants in this case.

**Factor (1b)** – Plaintiff believes that a finding in favor of the moving party on their Anti-SLAPP motion does not amount to a claim that the Plaintiff's claims "had no merit". To hold that all claims dismissed by the Anti-SLAPP statute was without merit would ignore the discovery halting ability of the Anti-SLAPP statute which bars Plaintiffs from uncovering discovery which would allow their claim to pass prong II of the Anti-SLAPP statute analysis.

**Factor (1c)** – As Defendant stated in their motion, a plaintiff with a good-faith, supportable claim need not fear an attorney fee award under these circumstances. Here, Plaintiff underwent a good-faith claim for defamation based on the speakers alleged knowledge of the falsity of the statement.

**Factor (1d)** – An award of fees of the requested amount in this matter would deter others from asserting claims against non-profits organizations even when they have valid claims against the entity or its agents.

**Factor (1e)** – The conferrals between counsel were undergone in good-faith, and the motion practice was not avoided due to counsels disagreement regarding the proposed defamatory nature of stating a truthful statement which the speaker knew had a untruthful connotation. Further, Plaintiffs filed the supporting declaration with the transcript of the meeting where the alleged complaint stemmed from, as a showing that the Plaintiff never even spoke to the Jane Doe whom filed the complaint against the Plaintiff. The Plaintiff prayed the court in its discretion to

allow the declaration to be before the Court, but the Court ruled that the declaration was in violation of Local Rule 7-1(e)(3) and did not exercise its discretion to allow it.

**Factor (1f)** – Plaintiff also wished to avoid motions practice but was unable to come to terms with opposing counsel regarding discovery stipulations before the Defendant filed an answer, to determine whether the motion practice was necessary.

**Factor (1g, 1h)** – Not applicable.

**Factor (2a)** – While Anti-SLAPP law and the First Amendment are niche practices that require familiarity with the subject-matter, the expansion of the Anti-SLAPP statute application in the middle of a pending case lent to less difficulty in the question presented to the Defendant.

**Factor (2b)** – Not applicable.

**Factor (2c)** – As noted above in Section III, the requested hourly rates are above reasonable for the Portland area, excluding Ms. Sauceda-Chirinos.

**Factor (2d)** – ULPDX obtained complete dismissal at an early stage of a $7,000,000 lawsuit. The fee award requested is approximately 1.5% of that amount, but the amount of filings and legal work involved in dismissing a case before Answering the suit is not suitable for a 1.5% take of the requested prayer.

**Factor (2e)** – Not applicable.

**Factor (2f)** – No Response

**Factor (2g)** – Please see Section III above.

**Factor (2h)** – No response.

**Factor (2i)** – No response.

**VI. The Court should not award $4,200 for the fees incurred in preparing this motion.**

Defendants' stance that Mr. Davidson's incurred eight (8) hours of work at the rate of $525, in reviewing time entries for amounts to remove/reductions to make and entries to redact for privilege, preparing declarations, and drafting this Motion goes beyond what would be reasonable for an attorney to review billing entries and make redactions to a case that never got to discovery. (Davison Decl. ¶ 15.)

## VII. Conclusion

For the foregoing reasons, Plaintiff requests that the Court deny an award to the Defendant in an amount of $91,818.00 in attorney fees and Westlaw charges, and that the Court deflate the amount to a reasonable amount given the type of case and the procedural background of the case before being dismissed.

Dated this 7th day of February, 2024.

**CAUBLE & WHITTINGTON, LLP**

*/s/Christopher L. Cauble*

Christopher L. Cauble, OSB No. 962374
111 SE Sixth Street
Grants Pass, OR 97528
Tel. 541-476-8825
Fax 541-471-1704
ccauble@thecaublefirm.com

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 7th, 2024, a true copy of the foregoing was served electronically via the Court's electronic filing system, according to this Court's provision for service and sent to the following counsel of record indicated below:

Clifford S Davidson, OSB No. 125378
SNELL & WILMER L.L.P.
1455 SW Broadway, Suite 1750
Portland, Oregon 97201
csdavidson@swlaw.com

Marsha Cotton, pro hac vice
SNELL & WILMER L.L.P.
400 E Van Buren Street, One Arizona Center
Phoenix, AZ 85004
mcotton@swlaw.com

*Of Attorneys for Defendants The Urban League of Portland, Inc., Nkenge Harmon Johnson (erroneously sued as "Nkenge Harmon-Johnson"), Karis Stoudemire-Phillips, Dr. James Mason, and Sean Murray*

Dated this 7th day of February, 2024.

CAUBLE & WHITTINGTON, LLP

*/s/Christopher L. Cauble*

Christopher L. Cauble, OSB No. 962374
111 SE Sixth Street
Grants Pass, OR 97528
Tel. 541-476-8825
Fax 541-471-1704
ccauble@thecaublefirm.com

*Attorney for Plaintiffs*