IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

STEVEN HOLT, and TRY
EXCELLENCE, LLC,

          Plaintiffs,

v.

URBAN LEAGUE OF PORTLAND, INC.,
NKENGE HARMON-JOHNSON,
MICHAEL LEWELL, KARIS
STOUDAMIRE-PHILLIPS, JAMES
MASON, and SEAN MURRAY,

          Defendants.

No. 3:22-cv-00837-YY

OPINION AND ORDER

MOSMAN, J.,

    On May 22, 2024, Magistrate Judge Youlee Yim You issued her Findings and Recommendation ("F&R") [ECF 114] recommending that I grant Defendants Urban League of Portland, Inc.'s motion for Attorney Fees and Costs [ECF 106] in the amount of $94,320, consisting of $93,918 in attorney fees and $402 in costs. Plaintiff filed Objections on June 7, 2024 [ECF 116], to which Defendants responded [ECF 118]. Defendants did not file any objections.

    Upon review, I agree with Judge You. I GRANT Defendants' Motion for Attorney Fees and Costs.

## DISCUSSION

    The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge but retains responsibility for making the final determination. The court is generally required to make

1 – OPINION AND ORDER

a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

State law applies to attorney fee awards in federal actions brought under state law. *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 809 (9th Cir. 2018). A defendant who prevails on a special motion to strike "shall be awarded reasonable attorney fees and costs." Or. Rev. Code § 31.152(3). Because Defendants here prevailed on their motion, they are entitled to reasonable attorney fees and costs. Courts must consider a number of facts to determine a reasonable fee award, including the conduct of the parties, the diligence of the parties in pursuing settlement, and the amount involved in the controversy. Or. Rev. Code § 20.075(1)–(2).

## CONCLUSION

Upon review, I agree with Judge You's recommendation, and I ADOPT the F&R [ECF 114] as my own opinion. The Motion for Attorney Fees and Costs [ECF 106] is GRANTED. I award Defendants $98,918 in attorney fees and $402 in costs. I further award Defendants an additional $2,362 in attorney fees for their work drafting their response to Plaintiff's objections.

IT IS SO ORDERED.

DATED August 5th, 2024.

MICHAEL W. MOSMAN
Senior United States District Judge

3 – OPINION AND ORDER