UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 12 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN HOLT, an individual and TRY EXCELLENCE, LLC,<br><br>        Plaintiffs - Appellants,<br><br> v.<br><br>URBAN LEAGUE OF PORTLAND, INC., Urban League of Portland, Inc. an Oregon Domestic non-profit corporation; et al.,<br><br>        Defendants - Appellees. | No. 24-633<br><br>D.C. No. 3:22-cv-00837-YY District of Oregon, Portland<br><br>ORDER |

Before: Lisa B. Fitzgerald, Appellate Commissioner.

The unopposed motion (Docket Entry No. 34) to transfer consideration of attorney's fees to the district court is granted. *See* 9th Cir. R. 39-1.8. The clerk will transfer the motion for attorney's fees at Docket Entry No. 35 to the district court.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 9. Application for Attorneys' Fees under Circuit Rule 39-1.6

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form09instructions.pdf

**9th Cir. Case Number(s)** | 24-633 and 24-5017

**Case Name** | Steven Holt, et al. vs. The Urban League of Portland, Inc. et al.

For each amount claimed, please attach itemized information indicating service provided, date, hours, and rate.

| *DESCRIPTION OF SERVICES* | *Hours* | *Amount Claimed* |
|---|---|---|
| Interviews and Conferences | 1 | $ 525 |
| Obtaining and Reviewing Records | 0 | $ 0 |
| Legal Research | 6 | $ 2,970 |
| Preparing Briefs | 107.1 | $ 51,176.5 |
| Preparing for and Attending Oral Argument | 0 | $ 0 |
| Other (*specify below*)<br><br>Work related to motion to dismiss, mediation, and preparation of Appellee's request for attorney fees. | 26.4 | $ 16,238.5 |
| *Total Hours/Compensation Requested:* | 140.5 | $ 70,910 |

**Signature** | s/ Clifford S. Davidson    **Date** | February 25, 2025

*(use "*s/[typed name]*" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 9**                                                    *Rev. 01/24/2019*

No. 24-633

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

STEVEN HOLT, an individual, et al.,

**Plaintiffs - Appellants,**

**vs.**

URBAN LEAGUE OF PORTLAND, INC., an Oregon Domestic non-profit
corporation, et al.,

**Defendants - Appellees.**

On Appeal from an Order of the
United States district court for the District of Oregon
Case No.: 3:22-cv-0837-YY | Honorable Michael W. Mosman

### APPELLEE THE URBAN LEAGE OF PORTLAND, INC.'S REQUEST
### FOR ATTORNEY FEES

Clifford S. Davidson
Oregon Bar No. 125378
Drew L. Eyman
Oregon Bar No. 163762
SNELL & WILMER L.L.P.
601 SW Second Avenue
Suite 2000
Portland, OR 97204
csdavidson@swlaw.com
deyman@swlaw.com
Telephone: (503) 624-6800
Facsimile: (503) 624-6888

## __INTRODUCTION__

Pursuant to Or. Rev. Stat. § 31.152(3), Or. Rev. Stat. § 19.440(1), and Ninth Circuit Rule 39-1.6, and because the district court awarded attorney fees for prevailing on its anti-SLAPP motion, defendant-appellee The Urban League of Portland, Inc. ("ULPDX"), hereby moves for and requests an award of $73,189 in attorney fees (including electronic research charges) incurred on appeal. This request is timely because it was filed no later than 14 days after the time for filing a petition for rehearing expired. Ninth Circuit Rule 39-1.6(a).

This fee request is based on the following memorandum; the Declarations of Cliff Davidson, Drew Eyman, Jenna Teeny, Lisa Hillas, and Nicole Whitney; Form 9 filed herewith; the Court's file; matters subject to judicial notice; and any further evidence or argument that ULPDX may offer in connection with the motion.

Please note that ULPDX has filed a motion to transfer the attorney fees motion to the district court, given its familiarity with the case and earlier adjudication of attorney fees.

# TABLE OF CONTENTS

**Page**

I.    ULPDX IS ENTITLED TO ATTORNEY FEES: OR. REV. STAT. § 31.152(3) MANDATES AN AWARD OF FEES AND OR. REV. STAT. § 19.440(1) AUTHORIZES THOSE FEES ON APPEAL. ................................................................. 1

II.   THE AMOUNT OF FEES THAT ULPDX SEEKS ON APPEAL IS REASONABLE. .................................................................................................... 2

     A.    An hourly rate of $525 for Mr. Davidson is reasonable. ...................................... 3

     B.    An hourly rate of $425 for Ms. Cotton is reasonable. ........................................... 4

     C.    An hourly rate of $530 for Mr. Eyman is reasonable. ........................................... 4

     D.    An hourly rate of $395 for Jenna Teeny is reasonable. ........................................ 5

     E.    An hourly rate of $315 for Lisa Hillas is reasonable. ........................................... 5

     F.    An hourly rate of $285 for Nicole Whitney is reasonable. .................................... 6

III.   TIME FOR WHICH ULPDX SEEKS COMPENSATION WAS REASONABLY NECESSARY. .................................................................................................... 6

IV.  CHARGES FOR ELECTRONIC LEGAL RESEARCH ARE COMPENSABLE BECAUSE THEY WERE BILLED SEPARATELY AND NECESSARILY INCURRED. ......................................................................................................... 7

V.    THE ORS 20.075 FACTORS WEIGH IN FAVOR OF AWARDING ULPDX THE FULL AMOUNT OF THE ATTORNEY FEES IT SEEKS. .................................. 7

VI.  THE COURT SHOULD AWARD $11,786 FOR THE FEES INCURRED IN PREPARING THIS MOTION. ....................................................................... 11

VII.  CONCLUSION.......................................................................................... 13

<u>**MEMORANDUM**</u>

**I.     ULPDX is entitled to attorney fees: Or. Rev. Stat. § 31.152(3) mandates an award of fees and Or. Rev. Stat. § 19.440(1) authorizes those fees on appeal.**

This appeal arises from ULPDX's successful anti-SLAPP motion. The district court awarded attorney fees pursuant to Or. Rev. Stat. § 31.152(3). ULPDX therefore is entitled to an award of attorney fees on appeal pursuant to Or. Rev. Stat. § 19.440(1) (requiring courts to construe statutes authorizing attorney fees in trial court to authorize recover of attorney fees on appeal, absent requirement to the contrary); *Northon v. Rule*, 637. F.3d 937, 938-39 (9th Cir. 2011) (awarding attorney fees on appeal after affirming dismissal under Oregon anti-SLAPP statute). In total, ULPDX is entitled to attorney fees incurred following the attorney fees judgment in the district court: opposing both of plaintiffs' appeals (case No. 24-5017; case No. 24-633), successfully moving the district court for a costs bond, and attempting to collect on the attorney fees judgment in the district court. However, through the motion submitted to this Court, ULPDX seeks only the fees related to the appeals.

After briefing, Plaintiffs moved to voluntarily dismiss both appeals before the Court issued decisions on the merits. ECF 15 (24-5017); ECF 26 (24-633).[1] ULPDX consented to dismissal without waiver of their right to seek attorney fees

---

[1] Because plaintiffs filed two separate appeals from the same underlying case, ULPDX notes the appellate case number in the record citations.

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

and costs. ECF 19 (24-5017); ECF 31 (24-633). The Court granted both motions and dismissed the appeals. ECF 20 (24-5017); ECF 32 (24-633). ULPDX is now entitled to its attorney fees and costs incurred defending against both appeals. ORS 31.152(3); ORS 19.440(1).

## II.    The amount of fees that ULPDX seeks on appeal is reasonable.

To calculate a reasonable attorney fees award after a successful anti-SLAPP motion, the Court applies the "lodestar" method. *See Ard v. Ore. State Bar*, No. 3:20-cv-02143-JR, 2022 WL 18674776, at *2 (D. Or. Nov. 28, 2022), *adopted*, 2023 WL 1965427 (D. Or. Feb. 13, 2023) (so noting). The lodestar entails determining a reasonable rate in the relevant market for the services of attorneys, paralegals, and other legal professionals, and then multiplying that rate by a reasonable number of hours incurred. *Id.* The court determines the reasonable rate without reference to the fee that the client agreed to pay. *Gaede v. DeLay*, 2023 WL 3736481, at *4 (D. Or. May 31, 2023) (so noting, and surveying cases to that effect), *aff'd in relevant part and rev in part*, 2024 WL 957490, at *2 (9th Cir. Mar. 6, 2024), *cert. denied*, 145 S. Ct. 156 (2024). In determining a reasonable rate, this Court looks in the first instance to the results of the most recent Oregon State Bar Economic Survey. *I.Q. Credit Union v. Khaleesi*, No. 3:22-cv-01226-YY, 2023 WL 5917715, at *4 (D. Or. Aug. 14, 2023), *adopted*, 2023 WL 5887272 (Sep. 11, 2023); *see* "Message from the Court Regarding Fee Petitions" (Mar. 2,

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

2017), *available at* https://www.ord.uscourts.gov/index.php/rules-orders-and-notices/public-notices/355-fee-petitions#:~:text=The%20Court%20recommends%20that%20members,spent%20on%20a%20single%20task (so noting). The Court also may consider inflation or specialization in determining a reasonable rate. *Id.* The most recent Oregon State Bar Economic Survey, the results of which were released in 2022, reflect billing rates for the year 2021. *See* Davidson Ex. 1, p. 3 (noting that the relevant question was, "When you charged on an hourly basis, what was your usual billing rate per hour in 2021?"). When determining a reasonable rate, the Court assesses reasonableness as of the time of the award—in this case, as of February 2025, the month this motion is filed. *Stanwood v. Green*, 559 F. Supp. 196, 201 n.3 (D. Or. 1983) (citing *Suzuki v. Yuen*, 678 F.2d 761, 763 (9th Cir. 1982)). The district court previously determined, as of 2024, that the requested rates for attorneys Davidson and Cotton are reasonable for this matter. Davidson Decl., Ex. 11 (F&R) and Ex. 12 (adopting F&R).

### A. An hourly rate of $525 for Mr. Davidson is reasonable.

Cliff Davidson is a commercial litigator who also focuses on anti-SLAPP matters and constitutional litigation. The district court determined that Mr. Davidson's hourly rate of $525 is reasonable in this matter. Davidson Decl., ¶ 18; Ex. 11. Mr. Davidson's firm bio is attached as Ex. 2 to the Declaration of Cliff

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

Davidson, filed contemporaneously herewith.

**B.     An hourly rate of $425 for Ms. Cotton is reasonable.**

Marsha Cotton was a commercial litigator located in Snell & Wilmer's

Phoenix office. She has since departed to clerk for the Chief Judge of this Court.

The district court determined that Ms. Cotton's hourly rate of $425 is reasonable in

this matter. Davidson Decl., ¶ 18; Ex. 11. Her former law firm bio, as filed in the

district court, is attached to the Declaration of Clifford S. Davidson (filed

herewith) as Ex. 10.

**C.     An hourly rate of $530 for Mr. Eyman is reasonable.**

Drew Eyman is a commercial litigator and appellate attorney in Snell &

Wilmer's Portland office. Mr. Eyman regularly works on speech related matters

including anti-SLAPP, First Amendment, and defamation. He graduated from

Boston University School of Law in 2016 and clerked at the Oregon Supreme

Court. Eyman Decl., ¶ 2. He is listed in Best Lawyers, Ones to Watch, for 2024-

2025, and is listed in Oregon Super Lawyers, Rising Stars Edition for 2021-2024.

*Id.* Mr. Eyman's law firm bio is attached as Ex. 1 to the Declaration of Drew

Eyman, filed contemporaneously herewith.

Seeking a rate of $530 per hour is reasonable for an attorney with 7 to 9

years of experience. As of 2021, the median rate of Portland attorneys with 7 to 9

years of experience in any discipline was $350 and the 95th percentile was $486.

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

Davidson Decl., Ex. 1, p. 2, t. 36. For corporate litigators (such as Mr. Eyman), the 2021 median hourly rate was $450, the mean was $474, and the 95th percentile was $774. *Id.*, p. 4, t. 37. Adjusted for inflation, the 2021 median rate of $450 is equivalent to $512 as of January 2025. Davidson Decl., Ex. 3. A rate of $530, which is only slightly above the median for corporate litigators in Portland, is reasonable.

### D.    An hourly rate of $395 for Jenna Teeny is reasonable.

Ms. Teeny is a first-year attorney in Snell & Wilmer's Portland office. Ms. Teeny was admitted to practice in Oregon in October 2024 after graduating from the University of Oregon School of Law in 2024. Ms. Teeny previously externed with the Honorable Mary K. Dimke of the United States district court for the Eastern District of Washington. Ms. Teeny's law firm bio is attached as Ex. 1 to the Declaration of Jenna Teeny, filed contemporaneously herewith. Her rate in this matter was $395. This is reasonable for an attorney with 0 to 3 years of experience. Davidson Decl., Ex. 1, p. 2, t. 36. As of 2021, the median rate of Portland attorneys with 0 to 3 years of experience in any discipline was $300 and the 95th percentile was $538. *Id*.

### E.    An hourly rate of $315 for Lisa Hillas is reasonable.

Ms. Hillas is a paralegal with over 31 years of experience. *See* Declaration of Lisa Hillas, filed contemporaneously herewith. Her rate in this matter was $315.

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

This is less than the median rate for attorneys with 0 to 3 years of experience. Davidson Ex. 1, p. 2, t. 36; *I.Q. Credit Union*, 2023 WL 5917715 at *5 (reasonable paralegal rate is one less than a first-year attorney).

### F.    An hourly rate of $285 for Nicole Whitney is reasonable.

Ms. Whitney is a paralegal with over 17 years of experience. *See* Declaration of Nicole Whitney, filed contemporaneously herewith. Her rate in this matter was $ 285. This is less than the median rate for attorneys with 0 to 3 years of experience. Davidson Ex. 1, p. 2, t. 36; *I.Q. Credit Union*, 2023 WL 5917715 at *5 (reasonable paralegal rate is one less than a first-year attorney).

## III.    Time for which ULPDX seeks compensation was reasonably necessary.

Time entries for ULPDX's counsel are attached as Ex. 5 to the Declaration of Clifford Davidson, filed contemporaneously herewith. The following table summarizes the number of hours of work on the appeal for which ULPDX seeks attorney fees, as well as the rate and lodestar:

| Timekeeper | Hours | Rate | Lodestar |
|---|---|---|---|
| Cliff Davidson | 17.90 | $525 | $9,397.50 |
| Drew Eyman | 50.10 | $530 | $26,553.00 |
| Marsha Cotton | 45.20 | $425 | $19,335.00 |
| Nicole Whitney | 4.50 | $285 | $1,282.50 |
| **Total** | | | **$ 56,568** |

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

**IV.    Charges for electronic legal research are compensable because they were billed separately and necessarily incurred.**

Snell & Wilmer charged ULPDX separately for Westlaw research charges. That is the firm's normal practice. Davidson Decl., ¶ 9. ULPDX therefore may recover such charges as part of an attorney fee award. *Trustees of Const. Industry and Laborers Health and Welfare Trust v. Redland Ins. Co.,* 460 F.3d 1253, 1258-59 (9th Cir. 2006) (noting that where online research charges are billed separately to clients, those charges are recoverable as attorney fees); *Atlantic Recording Corp. v. Andersen*, No. CV 05-933 AC, 2008 WL 2536834, at *19 (D. Or. June 24, 2008) (same).

Here, ULPDX incurred Westlaw charges in the amount of $4,835. Davidson Ex. 5 at 6. As those charges were reasonably and necessarily incurred for the briefing in this appeal, the Court should award the full amount of such charges.

**V.    The ORS 20.075 factors weigh in favor of awarding ULPDX the full amount of the attorney fees it seeks.**

ORS 20.075 outlines 17 factors that courts are to examine when considering a motion for attorney fees. ULPDX attaches that statute as Appendix A and addresses the relevant factors below. ORS 20.075 is broken into two subparts; the first one generally applies when a court is evaluating <u>whether</u> to award fees. However, where, as here, a fees award is mandatory, the Court looks to both subparts in determining the amount of fees. *Jones v. Nava*, 264 Or. App. 235, 243-

44 (2014); *see, e.g., Robinson v. DeFazio*, 284 Or. App. 98, 103-10 (2017) (anti-SLAPP context). The district court already considered these factors in awarding attorney fees in the trial court action. Davidson Decl., Ex. 11 (F&R) and Ex. 12 (order). That ruling is now final and establishes many of the reasonableness factors below. *See Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) ("[A] court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.").

**Factor (1)(a)** – Plaintiffs should have abandoned this litigation once they were informed of the basis for Ms. Harmon Johnson's statement to National Urban League. As the district court previously explained, "the key issue in plaintiff's case—whether defendant's statement that plaintiff had been the subject of a harassment complaint was false—was doomed from the start." Davidson Decl., Ex. 11 (ECF 114 at 4). Instead, Plaintiffs not only litigated that "doomed" issue they also forced ULPDX to defend against two separate appeals.

**Factor (1)(b)** – As the district court determined, "[i]t was clear early on that the merits of plaintiff's defamation claim were tenuous at best." Davidson Decl., Ex. 11 (ECF 114 at 3).

**Factor (1)(c)** – A plaintiff with a good-faith, supportable claim need not fear an attorney fee award under these circumstances. The Court's award of fees stems from the complete lack of support.

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

**Factor (1)(d)** – As the district court determined, "[a]n award of fees here would deter future plaintiffs from asserting similarly meritless claims." Davidson Decl., Ex. 11 (ECF 114 at 4).

**Factor (1)(e)** – Plaintiffs' conduct following the granting of ULPDX's anti-SLAPP motion is neither reasonable nor diligent. As explained in the factors above, Plaintiffs continued to pursue their meritless claim on appeal in case no. 24-633. On appeal, Plaintiffs forced ULPDX to prepare and file an answering brief only to then move to voluntarily dismiss the appeal before a decision could be reached. In addition, when the district court awarded ULPDX its attorney fees, Plaintiffs filed a separate appeal (case no. 24-5017), in which they unsuccessfully sought essentially an indefinite extension of time to file their opening brief, and unsuccessfully opposed ULPDX's motion for a cost bond. Plaintiffs conduct in their attorney fees appeal was neither reasonable nor diligent.

**Factor (1)(f)** – Plaintiffs offered to pay "$60,000 in attorney fees in full settlement of the appeal." Davidson Decl., ¶ 10; Ex. 6; *see Ingram v. Oroudjian*, 647 F.3d 925, 927 (9th Cir. 2011) (settlement communications are admissible to determine a reasonable attorney fee award). Negotiations promptly fell apart once Plaintiffs clarified that they were only offering to settle "the attorney fee portion of the case" and that they would "not do a full release" and would not "dismiss the appeal under any circumstances." Davidson Decl., ¶ 11; Ex. 7. A few months later,

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

Plaintiffs offered to dismiss the appeals "in exchange for a waiver of any more fees than what has already been awarded by the Court." Davidson Decl., ¶ 12; Ex. 8 at 4. ULPDX declined and countered, offering to settle if Plaintiffs also pay attorney fees incurred due to Plaintiffs' appeals. *Id.* Rather than respond to this offer, Plaintiffs dismissed their appeals. ULPDX again conferred with Plaintiffs prior to filing this request for fees. Davidson Decl., Ex. 9. Plaintiffs' refusal to dismiss the appeals or to offer a reasonable settlement weighs in favor of the amount of fees sought.

**Factors (1)(g) and (1)(h)** – Not applicable.

**Factor (2)(a)** – ULPDX has described above the time and labor required following entry of judgment in the district court. Anti-SLAPP law and the First Amendment are niche practices that require familiarity with the subject-matter. Appellate practice too requires specialized expertise.

**Factor (2b)** – Not applicable.

**Factor (2c)** – As noted above in Section III, the requested hourly rates are reasonable for the Portland area—where Plaintiffs filed the action.

**Factor (2d)** – The district court previously held that "$90,000 in fees is reasonable in proportion to the $7,000,000 in damages that plaintiff sought in this case, and defendant's counsel achieved full dismissal of the case." Davidson Decl., Ex. 11 (ECF 114 at 6). Those findings apply equally following dismissal of

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

plaintiffs' appeals.

**Factor (2)(e)** – Not applicable.

**Factor (2)(f)** – This was the first matter undersigned counsel, or Snell & Wilmer, undertook on behalf of ULPDX. Davidson Decl. ¶ 13.

**Factor (2)(g)** – Please see Section III above, and the Declarations of Cliff Davidson, Drew Eyman, Jenna Teeny, Nicole Whitney, and Lisa Hillas, concerning the experience, reputation, and ability of the legal professionals who worked on this matter.

**Factor (2)(h)** – Because ULPDX is a non-profit charitable organization with a volunteer board, counsel charged below-market rates to the clients. Davidson Decl. ¶ 14. In that sense, undersigned counsel took the case on partial contingency—the contingency being payment at a full, reasonable Portland rate if ULPDX prevailed.

**Factor (2)(i)** – The district court held that an award of fees in this case "promotes access to justice and is consistent with the remedial nature of the statute because it encourages attorneys experienced in anti-SLAPP litigation to represent organizations and individuals on a contingent basis or at a reduced rate." Davidson Decl., Ex. 11 (ECF 114 at 7).

## VI. The Court should award $11,786 for the fees incurred in preparing this motion.

Given that an attorney fees award is mandatory, undersigned counsel

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

reached out to newly pro se Plaintiffs to try to agree on an attorney fees amount. Davidson Decl., ¶ 15; Ex. 9. ULPDX thus incurred 27.10 hours of legal professional time, in reviewing time entries for amounts to remove/reduce and entries to redact for privilege, preparing declarations, and drafting this Motion. Davison Decl., ¶ 16. Those fees are summarized as follows:

| Timekeeper | Hours | Rate | Lodestar |
|------------|-------|------|----------|
| Cliff Davidson | .90 | $525 | $472.50 |
| Drew Eyman | 12.30 | $530 | $6,519.00 |
| Jenna Teeny | 5.20 | $395 | $2,054.00 |
| Lisa Hillas | 8.70 | $315 | $2,740.50 |
| **Total** | | | **$11,786.00** |

Davidson Decl., ¶ 16; Eyman Decl., ¶ 4; Teeny Decl., ¶ 4; Hillas Decl., ¶ 3. These additional fees should be awarded because they would be awarded in state court, thus giving full effect to Oregon's anti-SLAPP statute. *See Tri-Cty. Metro. Transp. Dist. of Oregon v. Aizawa*, 362 Or 1, 7 (2017) ("The Court of Appeals explained in *Crandon Capital Partners* that 'there is longstanding precedent in Oregon [interpreting ORCP 68] that [in addition to recovering fees incurred in litigating the merits of a fee-generating claim,] a party may recover its attorney fees incurred as part of the fee application and litigation process.'"); *Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 631 (9th Cir. 2017) (fee shifting statutes permit recovery of fees-on-fees). ULPDX will seek additional fees on reply and

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

after any hearing on this motion if one occurs.

## VII.  Conclusion

For the foregoing reasons, ULPDX requests that the Court award to it

$73,189.00 in attorney fees and Westlaw charges.

DATED this 25th day of February, 2025.    SNELL & WILMER L.L.P.

 _/s/ Clifford S. Davidson_
Clifford S. Davidson, OSB No. 125378
Drew L. Eyman, OSB No. 163762

Attorneys for Defendants-Appellees The
Urban League of Portland, Inc., and
Nkenge Harmon Johnson (erroneously
sued as "Nkenge Harmon-Johnson"),
Karis Stoudamire-Phillips, James
Mason, and Sean Murray

4902-0341-8908

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

## Certificate of Service

I hereby certify that on February 25, 2025, I electronically filed

**APPELLEE THE URBAN LEAGUE OF PORTLAND'S REQUEST**

**FOR ATTORNEY FEES** with the Clerk of the Court for the United

States Court of Appeals for the Ninth Circuit by using the appellate

CM/ECF system. On the same date, I served the same document upon

the following via email and first class mail, postage prepaid, as

addressed below:

Dr. Steven Holt, Sr.
1801 NE 87th Circle
Vancouver, WA 98682
drholt@tryxcellence.com


*/s/ Jennifer Langlois*
An Employee of Snell & Wilmer L.L.P.

No. 24-633

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

STEVEN HOLT, an individual, et al.,

Plaintiffs - Appellants,

vs.

URBAN LEAGUE OF PORTLAND, INC., an Oregon Domestic
non-profit corporation, et al.,

Defendants - Appellees.

On Appeal from an Order of the
United States District Court for the District of Oregon
Case No.: 3:22-cv-0837-YY | Honorable Michael W. Mosman

DECLARATION OF CLIFFORD S. DAVIDSON IN SUPPORT OF
APPELLEE'S REQUEST FOR ATTORNEY FEES

Clifford S. Davidson
Oregon Bar No. 125378
Drew L. Eyman
Oregon Bar No. 163762
SNELL & WILMER L.L.P.
601 SW Second Avenue
Suite 2000
Portland, OR 97204
csdavidson@swlaw.com
deyman@swlaw.com
Telephone: (503) 624-6800
Facsimile: (503) 624-6888

## DECLARATION OF CLIFFORD S. DAVIDSON

I, Clifford S. Davidson, declare as follows:

1.      My firm is counsel of record to the defendants-appellees in this action. I am over 18 years of age. I have personal knowledge of the facts and matters set forth in this declaration. If called upon to do so, I would testify truthfully as follows.

2.      Attached hereto as Exhibit 1 are true and correct copies of excerpts from the 2022 Oregon State Bar Economic Survey, which I accessed                                                                                at https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf. The excerpts comprising Exhibit 1 are identical to the PDF that appeared on my screen using the above link.

3.      I am a commercial litigator who also focuses on anti-SLAPP matters and constitutional litigation. I graduated from the University of Michigan Law School in 2006 and first was admitted to practice (in California) that same year. I am the managing partner of Snell & Wilmer's Portland office. I estimate that I have litigated somewhere between 12 and 20 anti-SLAPP motions in the state and federal courts of Oregon, California, and Washington, and I have represented several

1

parties in First Amendment matters. *See, e.g., Miller v. Heimuller*, No. 23-cv-293-SI, 2023 WL 2474345 (D. Or. Mar. 13, 2023); *Addison v. City of Baker City*, 258 F. Supp. 3d 1207 (D. Or. 2017), *aff'd*, 758 Fed. Appx. 582 (9th Cir. 2018). I have acted as Special Assistant Attorney General in connection with a constitutional law class-action lawsuit. *See Cocina Cultura LLC v. State of Oregon*, 2021 WL 3836840 (D. Or. Aug. 27, 2021).

4.    I have been ranked among the best LGBT attorneys under 40 in the United States by the National LGBT Bar Association, at least when I was under 40. I have been ranked in Best Lawyers and Super Lawyers.

5.    Attached hereto as <u>Exhibit 2</u> is a true and correct copy of my bio on my law firm's website. Exhibit 2 is also available at https://www.swlaw.com/people/clifford_davidson.

6.    On February 24, 2025, I accessed the Bureau of Labor Statistics' Consumer Price Index Calculator, available at https://www.bls.gov/data/inflation_calculator.htm. I entered $450 in December 2021 and calculated its equivalent as of January 2025. Attached hereto as <u>Exhibit 3</u> is a true and correct copy of the calculated result that appeared on my screen.

2

7.      Immediately after removing this action to federal court, I warned Plaintiffs' counsel that I would file an anti-SLAPP motion. I also requested that Plaintiffs stipulate that the anti-SLAPP statute applies. Plaintiffs' counsel refused and indicated that the anti-SLAPP statute did not apply. Attached hereto as <u>Exhibit 4</u> is a true and correct copy of correspondence with counsel.

8.      Attached hereto as <u>Exhibit 5</u> is a true and correct copy of a report from Snell & Wilmer's billing system, showing all charges that appellee The Urban League of Portland, Inc. ("ULPDX") incurred in this action. Timekeepers are required to submit time entries as time is worked, and I have no reason to think that any timekeepers failed to follow this requirement of creating contemporaneous records. Those time entries are captured by the billing system from which Exhibit 5 was generated. I reviewed the billing entries and removed or reduced certain charges based on whether they directly related to the appeal.

9.      As a partner of Snell & Wilmer, I am familiar with its billing practices. Unless otherwise agreed to, Snell & Wilmer passes Westlaw charges on to its clients as a billing item separate from attorney fees. This was the arrangement with ULPDX.

3

10.    Attached hereto as <u>Exhibit 6</u> is a true and correct copy of an email thread between Plaintiffs' counsel and me ending on September 25, 2024.

11.    Attached hereto as <u>Exhibit 7</u> is a true and correct copy of an email from Plaintiffs' counsel to me dated September 30, 2024.

12.    Attached hereto as <u>Exhibit 8</u> is a true and correct copy of an email thread between Plaintiffs' counsel and me ending on January 13, 2025.

13.    This action was the first matter that I, or Snell & Wilmer, undertook for ULPDX, Ms. Harmon Johnson, or the board members.

14.    I reduced my rate significantly because I believe strongly in the mission of ULDPX, it is a non-profit that provides critical services and advocacy, and because the board members are volunteers.

15.    I reached out to newly pro se Plaintiffs to try to settle on an attorney fees amount for fees incurred due to Plaintiff's appeals. Attached hereto as <u>Exhibit 9</u> is a true and correct copy of an email thread between Plaintiffs and me.

16.    My firm incurred approximately 22.80 hours preparing the attorney fees request, 0.90 of which was my time, which has included

4

reviewing time entries, determining a reasonable rate, reviewing the litigation history of this case, analyzing legal standards, drafting this declaration, and drafting the legal memorandum.

17.    Attached hereto as <u>Exhibit 10</u> is a true and correct copy of the Declaration of Marsha Cotton in Support of Fees filed in the underlying District Court matter as ECF 108.

18.    Attached hereto as <u>Exhibit 11</u> is a true and correct copy of Magistrate Judge Youlee Yim You's Findings and Recommendations finding that the requested rates for myself and Ms. Cotton are reasonable for this matter and recommending that the District Court grant ULPDX's Motion for Attorney Fees and Costs (ECF 114).

19.    Attached hereto as <u>Exhibit 12</u> is a true and correct copy of the District Court's Order adopting Judge You's Findings and Recommendations and granting ULPDX's Motion for Attorney Fees and Costs in the trial court action (ECF 121).

I declare under penalty of perjury that the foregoing is true and correct, and that I executed this document on February 25, 2025, at Portland, Oregon.

*s/ Clifford S. Davidson*
Clifford S. Davidson

5

# Oregon State Bar
# 2022 Economic Survey
## Report of Findings







Regional Research Institute

Exhibit 1
Page 1 of 5

## Billing Rate

Table 35 presents the 2021 hourly billing rate for private practice lawyers, regardless of level of employment (i.e., full-time, part-time by choice, and part-time due to lack of legal work). The mean hourly rate was $344 statewide, and ranged from $269 to $401 regionally.

### Table 35: 2021 Hourly Billing Rate – Private Practice

| | Oregon (n=1,613) | Downtown Portland (n=597) | Tri-County (n=500) | Upper Willamette Valley (n=151) | Lower Willamette Valley (n=134) | Southern Oregon (n=69) | Eastern Oregon (n=122) | Oregon Coast (n=40) |
|---|---|---|---|---|---|---|---|---|
| Mean Hourly Rate | $344 | $401 | $329 | $293 | $306 | $281 | $288 | $269 |
| Median Hourly Rate | $325 | $380 | $325 | $300 | $300 | $270 | $288 | $250 |
| Low Hourly Rate | $75 | $125 | $75 | $105 | $75 | $100 | $75 | $175 |
| 95th Percentile | $575 | $686 | $500 | $415 | $459 | $405 | $399 | $399 |
| High Hourly Rate | $1,375 | $1,150 | $1,375 | $500 | $754 | $600 | $500 | $650 |

Q14: When you charged on an hourly basis, what was your usual billing rate per hour in 2021?
Q6: Which type of employment represented 50% or more of your practice as of 12/31/2021? *[private practice only]*

## Total Years Admitted to Practice

Table 36 presents the 2021 hourly bill rate data by total years admitted to practice for all private practice lawyers, regardless of level of employment. Statewide, the mean hourly billing rate increased as the number of years admitted to practice increased (aside from a small decrease in the 16-20 year range), reaching a mean of $384 for lawyers admitted to practice for Over 30 Years. Slight variations occurred regionally.

### Table 36: 2021 Hourly Billing Rate by Total Years Admitted to Practice – Private Practice

| 0-3 Years | Oregon (n=148) | Downtown Portland (n=69) | Tri-County (n=32) | Upper Willamette Valley (n=15) | Lower Willamette Valley (n=12) | Southern Oregon (n=6) | Eastern Oregon (n=12) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $273 | $310 | $257 | $232 | $223 | $194 | $255 | n/a |
| Median Rate | $250 | $300 | $250 | $225 | $230 | $180 | $243 | n/a |
| 95th Percentile | $459 | $538 | $425 | n/a | n/a | n/a | n/a | n/a |

| 4-6 Years | Oregon (n=165) | Downtown Portland (n=62) | Tri-County (n=48) | Upper Willamette Valley (n=20) | Lower Willamette Valley (n=13) | Southern Oregon (n=10) | Eastern Oregon (n=11) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $285 | $312 | $281 | $276 | $234 | $241 | $276 | n/a |
| Median Rate | $275 | $308 | $263 | $250 | $230 | $250 | $295 | n/a |
| 95th Percentile | $468 | $495 | $464 | $498 | n/a | n/a | n/a | n/a |

| 7-9 Years | Oregon (n=160) | Downtown Portland (n=58) | Tri-County (n=51) | Upper Willamette Valley (n=18) | Lower Willamette Valley (n=14) | Southern Oregon (n=n/a) | Eastern Oregon (n=14) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $308 | $339 | $316 | $272 | $261 | n/a | $264 | n/a |
| Median Rate | $300 | $350 | $325 | $275 | $245 | n/a | $275 | n/a |
| 95th Percentile | $449 | $486 | $450 | n/a | n/a | n/a | n/a | n/a |

| 10-12 Years | Oregon (n=173) | Downtown Portland (n=72) | Tri-County (n=51) | Upper Willamette Valley (n=17) | Lower Willamette Valley (n=11) | Southern Oregon (n=7) | Eastern Oregon (n=10) | Oregon Coast (n=5) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $334 | $379 | $312 | $289 | $339 | $281 | $271 | $253 |
| Median Rate | $325 | $370 | $320 | $300 | $325 | $250 | $275 | $250 |
| 95th Percentile | $547 | $567 | $450 | n/a | n/a | n/a | n/a | n/a |

## Table 36: 2021 Hourly Billing Rate by Total Years Admitted to Practice – Private Practice

| 13-15 Years | Oregon (n=150) | Downtown Portland (n=66) | Tri-County (n=44) | Upper Willamette Valley (n=11) | Lower Willamette Valley (n=13) | Southern Oregon (n=n/a) | Eastern Oregon (n=7) | Oregon Coast (n=5) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $366 | $416 | $348 | $310 | $336 | n/a | $305 | $248 |
| Median Rate | $350 | $400 | $350 | $315 | $300 | n/a | $300 | $250 |
| 95th Percentile | $586 | $733 | $490 | n/a | n/a | n/a | n/a | n/a |

| 16-20 Years | Oregon (n=187) | Downtown Portland (n=66) | Tri-County (n=69) | Upper Willamette Valley (n=15) | Lower Willamette Valley (n=11) | Southern Oregon (n=9) | Eastern Oregon (n=14) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $359 | $445 | $320 | $290 | $314 | $303 | **$314** | n/a |
| Median Rate | $350 | $425 | $315 | $300 | $305 | $280 | $285 | n/a |
| 95th Percentile | $600 | $683 | $463 | n/a | n/a | n/a | n/a | n/a |

| 21-30 Years | Oregon (n=317) | Downtown Portland (n=103) | Tri-County (n=109) | Upper Willamette Valley (n=27) | Lower Willamette Valley (n=26) | Southern Oregon (n=18) | Eastern Oregon (n=29) | Oregon Coast (n=5) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $371 | $447 | $351 | **$342** | $315 | **$312** | $306 | $250 |
| Median Rate | $350 | $450 | $350 | $350 | $313 | $300 | $320 | $250 |
| 95th Percentile | $600 | $697 | $550 | $477 | $422 | n/a | $450 | n/a |

| Over 30 Years | Oregon (n=313) | Downtown Portland (n=101) | Tri-County (n=96) | Upper Willamette Valley (n=28) | Lower Willamette Valley (n=34) | Southern Oregon (n=12) | Eastern Oregon (n=25) | Oregon Coast (n=17) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | **$384** | **$483** | **$364** | $304 | **$349** | $308 | $292 | **$302** |
| Median Rate | $350 | $425 | $350 | $308 | $325 | $313 | $275 | $275 |
| 95th Percentile | $722 | $798 | $600 | $408 | $571 | n/a | $435 | n/a |

Q14: When you charged on an hourly basis, what was your usual billing rate per hour in 2021?
Q2: What year were you first admitted to a state bar other than Oregon? and year admitted to OSB from database *[converted to years]*
Q6: Which type of employment represented 50% or more of your practice as of 12/31/2021? *[private practice only]*

## Area of Practice

Table 37 presents the 2021 hourly billing rate data by area of practice for all private practice lawyers, regardless of level of employment. The highest hourly billing rate was for Business/Corporate – Litigation (mean=$408) statewide, with variations across the regions.

## Table 37: 2021 Hourly Billing Rate by Area of Practice – Private Practice

| Administrative Law | Oregon (n=33) | Downtown Portland (n=16) | Tri-County (n=10) | Upper Willamette Valley (n=n/a) | Lower Willamette Valley (n=5) | Southern Oregon (n=n/a) | Eastern Oregon (n=n/a) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $331 | $337 | $309 | n/a | **$379** | n/a | n/a | n/a |
| Median Rate | $300 | $288 | $275 | n/a | $325 | n/a | n/a | n/a |
| 95th Percentile | $629 | n/a | n/a | n/a | n/a | n/a | n/a | n/a |

| Bankruptcy | Oregon (n=34) | Downtown Portland (n=15) | Tri-County (n=12) | Upper Willamette Valley (n=n/a) | Lower Willamette Valley (n=n/a) | Southern Oregon (n=n/a) | Eastern Oregon (n=n/a) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $383 | $432 | $364 | n/a | n/a | n/a | n/a | n/a |
| Median Rate | $370 | $400 | $375 | n/a | n/a | n/a | n/a | n/a |
| 95th Percentile | $631 | n/a | n/a | n/a | n/a | n/a | n/a | n/a |

## Table 37: 2021 Hourly Billing Rate by Area of Practice – Private Practice

| Business/Corporate — Litigation | Oregon (n=189) | Downtown Portland (n=108) | Tri-County (n=37) | Upper Willamette Valley (n=19) | Lower Willamette Valley (n=13) | Southern Oregon (n=5) | Eastern Oregon (n=6) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | **$408** | **$474** | $349 | $284 | $311 | $314 | $294 | n/a |
| Median Rate | $375 | $450 | $350 | $290 | $300 | $325 | $302 | n/a |
| 95th Percentile | $730 | $774 | $503 | n/a | n/a | n/a | n/a | n/a |

| Business/Corporate – Transactional | Oregon (n=216) | Downtown Portland (n=79) | Tri-County (n=63) | Upper Willamette Valley (n=19) | Lower Willamette Valley (n=23) | Southern Oregon (n=10) | Eastern Oregon (n=18) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $359 | $430 | $343 | $284 | $293 | $318 | $313 | n/a |
| Median Rate | $350 | $395 | $350 | $280 | $300 | $360 | $317 | n/a |
| 95th Percentile | $550 | $710 | $470 | n/a | $440 | n/a | n/a | n/a |

| Civil Litigation – Defendant (excludes insurance defense) | Oregon (n=193) | Downtown Portland (n=108) | Tri-County (n=36) | Upper Willamette Valley (n=15) | Lower Willamette Valley (n=9) | Southern Oregon (n=11) | Eastern Oregon (n=10) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $381 | $442 | $335 | $259 | $288 | $281 | $286 | n/a |
| Median Rate | $350 | $415 | $350 | $260 | $300 | $300 | $285 | n/a |
| 95th Percentile | $655 | $743 | $475 | n/a | n/a | n/a | n/a | n/a |

| Civil Litigation – Insurance Defense | Oregon (n=118) | Downtown Portland (n=67) | Tri-County (n=29) | Upper Willamette Valley (n=12) | Lower Willamette Valley (n=n/a) | Southern Oregon (n=n/a) | Eastern Oregon (n=n/a) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $232 | $232 | $222 | $243 | n/a | n/a | n/a | n/a |
| Median Rate | $225 | $220 | $200 | $235 | n/a | n/a | n/a | n/a |
| 95th Percentile | $350 | $340 | $413 | n/a | n/a | n/a | n/a | n/a |

| Civil Litigation – Plaintiff (excludes personal injury) | Oregon (n=240) | Downtown Portland (n=99) | Tri-County (n=81) | Upper Willamette Valley (n=26) | Lower Willamette Valley (n=15) | Southern Oregon (n=11) | Eastern Oregon (n=6) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $374 | $419 | $363 | $305 | $364 | $297 | $286 | n/a |
| Median Rate | $350 | $410 | $350 | $300 | $345 | $300 | $298 | n/a |
| 95th Percentile | $580 | $685 | $525 | $498 | n/a | n/a | n/a | n/a |

| Civil Litigation – Plaintiff Personal Injury | Oregon (n=157) | Downtown Portland (n=37) | Tri-County (n=77) | Upper Willamette Valley (n=20) | Lower Willamette Valley (n=9) | Southern Oregon (n=n/a) | Eastern Oregon (n=6) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $368 | $393 | **$367** | **$355** | $329 | n/a | **$388** | n/a |
| Median Rate | $350 | $400 | $350 | $350 | $350 | n/a | $393 | n/a |
| 95th Percentile | $550 | $619 | $503 | $498 | n/a | n/a | n/a | n/a |

| Criminal Law, Prosecution | Oregon (n=n/a) | Downtown Portland (n=n/a) | Tri-County (n=n/a) | Upper Willamette Valley (n=n/a) | Lower Willamette Valley (n=n/a) | Southern Oregon (n=n/a) | Eastern Oregon (n=n/a) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | n/a | n/a | n/a | n/a | n/a | n/a | n/a | n/a |
| Median Rate | n/a | n/a | n/a | n/a | n/a | n/a | n/a | n/a |
| 95th Percentile | n/a | n/a | n/a | n/a | n/a | n/a | n/a | n/a |

## Table 37: 2021 Hourly Billing Rate by Area of Practice – Private Practice

| Criminal Law, Defense – 95% or more court-appointed clients | Oregon (n=25) | Downtown Portland (n=n/a) | Tri-County (n=7) | Upper Willamette Valley (n=n/a) | Lower Willamette Valley (n=n/a) | Southern Oregon (n=n/a) | Eastern Oregon (n=n/a) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $226 | n/a | $177 | n/a | n/a | n/a | n/a | n/a |
| Median Rate | $240 | n/a | $200 | n/a | n/a | n/a | n/a | n/a |
| 95th Percentile | $490 | n/a | n/a | n/a | n/a | n/a | n/a | n/a |

| Criminal Law, Defense – 50% - 94% court-appointed clients | Oregon (n=23) | Downtown Portland (n=7) | Tri-County (n=5) | Upper Willamette Valley (n=n/a) | Lower Willamette Valley (n=n/a) | Southern Oregon (n=n/a) | Eastern Oregon (n=n/a) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $250 | $258 | $240 | n/a | n/a | n/a | n/a | n/a |
| Median Rate | $255 | $300 | $250 | n/a | n/a | n/a | n/a | n/a |
| 95th Percentile | $392 | n/a | n/a | n/a | n/a | n/a | n/a | n/a |

| Criminal Law, Defense – Less than 50% court-appointed clients | Oregon (n=38) | Downtown Portland (n=14) | Tri-County (n=6) | Upper Willamette Valley (n=n/a) | Lower Willamette Valley (n=7) | Southern Oregon (n=n/a) | Eastern Oregon (n=n/a) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $357 | $400 | $341 | n/a | $355 | n/a | n/a | n/a |
| Median Rate | $350 | $400 | $350 | n/a | $350 | n/a | n/a | n/a |
| 95th Percentile | $535 | n/a | n/a | n/a | n/a | n/a | n/a | n/a |

| Family Law | Oregon (n=219) | Downtown Portland (n=61) | Tri-County (n=64) | Upper Willamette Valley (n=22) | Lower Willamette Valley (n=19) | Southern Oregon (n=17) | Eastern Oregon (n=29) | Oregon Coast (n=7) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $299 | $338 | $284 | $287 | $319 | $253 | $280 | $252 |
| Median Rate | $300 | $350 | $278 | $293 | $310 | $250 | $275 | $250 |
| 95th Percentile | $400 | $450 | $400 | $389 | n/a | n/a | $375 | n/a |

| Real Estate/Land Use/Environmental Law | Oregon (n=196) | Downtown Portland (n=59) | Tri-County (n=54) | Upper Willamette Valley (n=18) | Lower Willamette Valley (n=18) | Southern Oregon (n=14) | Eastern Oregon (n=21) | Oregon Coast (n=12) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $350 | $409 | $365 | $295 | $305 | **$326** | $295 | **$267** |
| Median Rate | $325 | $400 | $350 | $293 | $300 | $338 | $300 | $263 |
| 95th Percentile | $603 | $675 | $513 | n/a | n/a | n/a | $445 | n/a |

| Tax/Estate Planning | Oregon (n=281) | Downtown Portland (n=50) | Tri-County (n=92) | Upper Willamette Valley (n=33) | Lower Willamette Valley (n=39) | Southern Oregon (n=20) | Eastern Oregon (n=34) | Oregon Coast (n=13) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $309 | $385 | $309 | $285 | $281 | $296 | $288 | $248 |
| Median Rate | $300 | $358 | $300 | $285 | $275 | $285 | $275 | $250 |
| 95th Percentile | $450 | $740 | $437 | $433 | $400 | $410 | $428 | n/a |

| Workers' Compensation | Oregon (n=42) | Downtown Portland (n=15) | Tri-County (n=23) | Upper Willamette Valley (n=n/a) | Lower Willamette Valley (n=n/a) | Southern Oregon (n=n/a) | Eastern Oregon (n=n/a) | Oregon Coast (n=n/a) |
|---|---|---|---|---|---|---|---|---|
| Mean Rate | $294 | $275 | $308 | n/a | n/a | n/a | n/a | n/a |
| Median Rate | $220 | $200 | $235 | n/a | n/a | n/a | n/a | n/a |
| 95th Percentile | $596 | n/a | $635 | n/a | n/a | n/a | n/a | n/a |

SNELL
& WILMER



# Clifford S. Davidson

Partner  |  Portland, Seattle, Los Angeles

503.443.6099 POR     425.748.5055 SEA

csdavidson@swlaw.com

## Biography

Cliff Davidson is a commercial litigator and trial attorney, and the managing partner of the firm's Portland office. A client once described his work as "legal wizardry," though he lacks a pointy hat or staff. He prides himself on developing creative—sometimes novel—litigation strategies and legal arguments. His practice involves commercial law; freedom of expression and defamation; anti-SLAPP litigation and counseling; litigation and advice concerning the First Amendment and Equal Protection Clause; noncompetition and nondisclosure; copyright and trademark; class action defense; and Oregon and federal RICO. Cliff has served as a sworn Special Assistant Attorney General to the State of Oregon in both litigation and investigation and acted as outside counsel to municipal government bodies. He is also a neutral through National Arbitration and Mediation. He maintains an active docket in Oregon, Washington, and California.

## Credentials

Bar Admissions

- California
- Oregon
- Washington

Court Admissions

- Supreme Court of California
- Supreme Court of Oregon
- Supreme Court of Washington
- United States Court of Appeals, Ninth Circuit
- United States District Court, All Districts of California
- United States District Court, District of Colorado
- United States District Court, District of Oregon
- United States District Court, Eastern District of Washington

Exhibit 2
Page 1 of 6

SNELL
& WILMER

- United States District Court, Western District of Washington
- United States Supreme Court

## Education

- University of Michigan Law School (J.D.)
- Harvard University (A.B., Government, *cum laude* in field)

## Languages

French (Limited Working Proficiency)
Spanish (Limited Working Proficiency)

# Experience

## Awards & Recognition

- Chambers USA: America's Leading Lawyers for Business®, Litigation: General Commercial (2024)
- Benchmark Litigation, Litigation Star – National and Oregon, General Commercial (2025)
- The Best Lawyers in America©
  - Commercial Litigation (2021-2025)
  - First Amendment Law (2023-2025)
  - Litigation – First Amendment (2025)
- Snell & Wilmer COACH Award (2023)
- Snell & Wilmer Pro Bono Award (2023)
- Oregon Super Lawyers®, (2018-2024)
- Oregon Super Lawyers®, Rising Star (2014-2017)
- Southern California Super Lawyers®, Rising Star (2009)
- Named One of the Best LGBT Lawyers Under 40, National LGBT Bar Association (2014)
- Wiley W. Manuel Award for pro bono legal representation (2007-2012)
- Exceptional Performance Award, United States Government (2003)

## Representative Experience

**Commercial Matters**

- Representing gas utility in purported class-action claim based on alleged greenwashing
- Representing company against climate-related claims by county. Action involves claim for billions in damages related to heat dome event.
- Several representations on behalf of International Business Machines Corporation (IBM), including in multi-million-dollar federal litigation, an employment matter in federal court, and as third-party witness in Rosenblum (State of Oregon) v. Oracle America, Inc.

Exhibit 2
Page 2 of 6

SNELL
& WILMER

- Represented Fortune 50 company at trial in lawsuit involving allegations of fraud, misrepresentation, and breach of contract
- Represented social media site in $22,000,000 lawsuit
- Represented 15 cannabis dispensaries in federal RICO lawsuit
- Represented, in California federal jury trial, an insurance marketing company suing competitor for its business interference with client's team of former sales contractors. Litigated issues of adverse inference jury instructions, and monetary sanctions, based on opponent's spoliation of electronically stored information
- Represented, in Oregon federal trial, a national law firm accused of breaches of fiduciary duty in connection with a promissory note, and counterclaimed on behalf of that firm for unpaid fees
- Represented Canadian paper pulp company in U.S. litigation concerning UCC and CISG issues
- Represented landowner sued in 70-defendant Oregon federal civil RICO action in connection with cultivation of cannabis
- Defended client in California federal class-action by a team of over 300 independent contractors seeking several million dollars
- Represented loan servicer before the United States Supreme Court in opposing certiorari
- Represented Oregon trucking and warehouse company in Computer Fraud and Abuse Act matter
- Represented an oil company as plaintiff in a complicated, multinational fraudulent transfer matter

**Constitutional/Public Law Matters**

- Represented the State of Oregon in defending against class-action and individual lawsuits under the Equal Protection Clause and Title VI
- Representing City of Portland and Prosper Portland in lawsuit involving claims under Equal Protection Clause and state law
- Representing plaintiff in First Amendment retaliation lawsuit against public body in Oregon. Obtained temporary restraining order and preliminary injunction.
- Representing plaintiff in Oregon public records dispute
- Represented non-profit and religious organization in lawsuit against the U.S. Department of Homeland Security in connection with 2020 federal policing action in Portland. Obtained preliminary injunction establishing one-square-block area within which federal law enforcement could first engage with protesters.
- Represented plaintiff in suit against Oregon State Bar involving the right against self-incrimination
- Advising non-profit and government entities on compliance with the Equal Protection Clause
- Represented multiple interested parties in connection with issues related to labor peace

Exhibit 2
Page 3 of 6

SNELL
& WILMER

requirements in procurement
• Conducted internal investigation of Oregon government agency and presented findings to the Governor and other officials
• Represented news organization in Washington public records dispute
• Represented transgender nursing student in lawsuit against California college that expelled her
• On behalf of criminal defendant, challenged Oregon criminal statute under Oregon Constitution
• Litigated whether Oregon charter school was a state actor subject to 42 U.S.C. § 1983
• Represented plaintiff, in district court and Ninth Circuit, in a First Amendment retaliation matter against an Oregon municipality and its police chief

**Defamation/Anti-SLAPP Matters**

• Defended Oregon nonprofit against $7,000,000 defamation claim
• Achieved anti-SLAPP dismissal of claims against public university related to its disciplinary process
• Defended against seven-figure defamation and business interference claims brought by major Oregon automotive chain
• Defending defamation defendant in lawsuit filed by public figure based on defendant's online comments
• Defending Oregon small business against lawsuit based on business' speech and petitioning government
• Represented solar company and its principal in eight-figure business interference and Oregon RICO matter in California federal court
• Represented zine author in defamation matter involving anti-SLAPP practice
• Representation of blogger sued for defamation by major landowner in Central Oregon
• Represented plaintiff in defamation matter relating to allegations of abuse
• Pre-publication review of numerous clients' works to mitigate risk of defamation claims

**Intellectual Property Matters**

• Representing three individuals against allegations of violating the Computer Fraud and Abuse Act. Matter involves novel issues of personal jurisdiction based on allegations of conduct using Apple server.
• Represented motion picture studio in Oregon copyright matter
• Represented distributor of grow lights in dispute over trademark and copyright infringement on Amazon
• Defended toy company against copyright claim brought by competitor
• Represented Oregon defendant in architectural copyright litigations in the Ninth Circuit
• Represented major Virtual Private Network (VPN) company in Lanham Act false advertising

Exhibit 2
Page 4 of 6

SNELL
& WILMER

claim

**Each case is different and prior results should not create an expectation about results in an individual case.

## Previous Professional Experience

- Sussman Shank LLP Partner (2012-2020)
- Kendall Brill & Kelly LLP (2011-2012)
- Proskauer Rose LLP (2006-2011)
    - Deputy District Attorney through training program (2009)

## Professional Memberships and Activities

- Neutral, National Arbitration and Mediation (2024 to present)
- Oregon State Bar Fee Arbitration/Mediation Panel, Member (2015 to present)
- United States District Court, District of Oregon *pro bono* panel (2014 to present)
- Multnomah Bar Association (2012 to present)
- Oregon Newspaper Publishers Association (2015 to present)
- Los Angeles County Bar Association (2006 to present)
- American Bar Association (2006 to present)
    - Section of Litigation (2010 to present)

## Community Involvement

- Oregon Repertory Singers (2013 to present)
    - Board of Directors (2019-2021)
- ACLU of Oregon (2014 to present)
    - Lawyers Committee member (2017-2024)

## Representative Presentations and Publications

- "Here Be Dragons: Perils and Promise at the Frontiers of Climate Litigation," Presenter, American Bar Association, Section of Environmental, Energy, and Resources Law (October 24, 2024)
- "The Supreme Court Cases (Other Than Trump) That Matter Most to the Business World in 2024," Quoted, Yahoo! Finance (January 9, 2024)
- "Undetectable, Untransmittable, Unclear: Virally-Suppressed Employees and the Healthcare Workplace," Presenter, Washington State Society of Healthcare Attorneys (2018)
- "Anti-SLAPP Motions: Challenging Claims Arising from Speech," Presenter, Oregon State Bar CLE (2018)
- "Litigating RICO Claims in Oregon," Co-Presenter, Multnomah Bar Association CLE (2018)
- "Defamation by Association: What 'Sexy Cops' Can Teach Us," Author, Quarterly Newsletter,

Exhibit 2
Page 5 of 6

SNELL
& WILMER

Oregon Chapter of the Federal Bar Association (2017)

• "Legalization of Marijuana and the Challenges it Poses to Real Estate Lenders," Presenter (2017)

• "Defending Against Claims of Trade Libel," Author, The Verdict (June 2014)

• "Addressing Negative Online Reviews," Presenter, Hotel Investor's Marketplace (December 2014)

• "Yelp® Help: Dealing with Online Reviews," Presenter, Washington Lodging Association Annual Convention & Trade Show (November 2014)

• "When the Political Process Meets Due Process: Perspectives on Judicial Elections," Moderator and Panel organization, American bar Association, Section of Litigation Annual Conference plenary session (April 2014)

• "Strike Back Via Anti-SLAPP Statutes," Author, Daily Journal of Commerce (February 2013)

• "Procedural Aspects of Anti-SLAPP Motions in Federal Court," Author, Quarterly Newsletter, Oregon Chapter of the Federal Bar Association (January 2013)

Exhibit 2
Page 6 of 6



**U.S. BUREAU OF LABOR STATISTICS**

Bureau of Labor Statistics > Data Tools > Charts and Applications > Inflation Calculator

# CPI Inflation Calculator



**About the CPI Inflation Calculator**

The CPI inflation calculator uses the Consumer Price Index for All Urban Consumers (CPI-U) U.S. city average series for all items, not seasonally adjusted. This data represents changes in the prices of all goods and services purchased for consumption by urban households.

U.S. BUREAU OF LABOR STATISTICS  Postal Square Building  2 Massachusetts Avenue NE  Washington, DC 20212-0001

Telephone:1-202-691-5200_  Telecommunications Relay Service:7-1-1_  www.bls.gov  Contact Us

Exhibit 3
Page 1 of 1

**Davidson, Clifford**

| | |
|---|---|
| **From:** | Davidson, Clifford |
| **Sent:** | Tuesday, July 26, 2022 7:17 PM |
| **To:** | Chris Cauble |
| **Cc:** | Alyssa Hayes; Leigh Miranda; Cotton, Marsha; Langlois, Jennifer |
| **Subject:** | Re: Holt v Urban League -- LR 7-1 conferral |

Chris:

You might ask your client about a discussion he had in 2020 with the HR folks at Prosper Portland concerning a complaint lodged against him in connection with his role as a facilitator.

I'm a bit confused. Your client claims $7M in damages based on something nobody in the community is interested in? How then could he suffer such extensive harm? The Supreme Court has defined "public interest" or "public concern" within the meaning of the First Amendment (Snyder v. Phelps) to mean, very broadly, anything of interest to the public.

With regard to "malice": malice in the First Amendment context means scienter, whether that's negligence, recklessness or knowing falsity. Even if our clients were mean-spirited in their comments (and they weren't), that's not the test. (And, as your client knows based on his discussion with her in around April of this year, Ms. Stoudamire-Phillips had nothing to do with the purported defamation.)

LR 7-1 requires telephonic or in-person conferral. Please let me know when you are available to confer.

We represent only the three parties we've previously contacted you about.

—Cliff


On Jul 26, 2022, at 5:08 PM, Chris Cauble <CCauble@thecaublefirm.com> wrote:


**[EXTERNAL]** <u>ccauble@thecaublefirm.com</u>

_____

Dear Clifford:

I discussed this with my client and I feel that its best for you to file your motion. But, I do not think that my client is a public figure and the statements certainly were not about public impact. Statements were made by your clients and their representatives that, as you can read in the complaint has caused and will cause additional financial impacts to him. Recall that I sent demands to your clients prior to filing a lawsuit asking them to identify what they said about him and told others about him and retract them. Your clients did nothing. To me, this makes it clear that your clients were caught and do not want to take responsibility for their actions.

I will be sending out discovery requests next week. I don't think everyone has been served. Maybe its easier to ask which defendant you DO NOT represent.

Exhibit 4
Page 1 of 4



**Christopher L. Cauble**
**Managing Partner**
**Cauble & Whittington LLP**

**SOUTHERN OREGON OFFICE**
**111 SE 6ᵗʰ Street**
**Grants Pass, Oregon 97526**
**(541)-660-7830--- cell**
**(541)-471-1704--- fax**
**#**
**PORTLAND OFFICE**
**1205 NW 25ᵗʰ Ave**
**Portland, Oregon 97210**
**1-503-343-6645**
<u>z z z 1khfdxechilp lfrp</u>

**#**

CONFIDENTIALITY NOTICE:  This transmission contains
information from the firm of Cauble, Selvig & Whittington LLP,
which is confidential and legally privileged.  It is intended
only for the use of individual or entity named above.  If you
are not the intended recipient, you are notified that any
disclosure, copying, distribution or the taking of any
action in reliance on the contents of this transmission is
prohibited.  If you have received this e-mail in error, please
immediately notify us by telephone.  In addition, please delete
the erroneously received transmission from any device/media
where the message is stored.

**IRS COMPLIANCE:  To ensure compliance with requirements imposed by the IRS, we inform you that any tax**
**advice contained in this communication (including any attachments) is not intended or written to be used, and**
**cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting,**
**marketing, or recommending to another party any transaction or matter addressed herein.**



Exhibit 4
Page 2 of 4





---

**From:** Davidson, Clifford <csdavidson@swlaw.com>
**Sent:** Tuesday, July 26, 2022 10:33 AM
**To:** Chris Cauble <CCauble@thecaublefirm.com>
**Cc:** Alyssa Hayes <AHayes@thecaublefirm.com>; Leigh Miranda <LMiranda@thecaublefirm.com>; Cotton, Marsha <mcotton@swlaw.com>; Langlois, Jennifer <jlanglois@swlaw.com>
**Subject:** RE: Holt v Urban League -- LR 7-1 conferral

Hi, Chris. I hope you had a good trip. When are you available to confer?

**Clifford S. Davidson** (he/him/his)
office: 503.443.6099
csdavidson@swlaw.com

Snell & Wilmer
swlaw.com | disclaimer

---

**From:** Chris Cauble <CCauble@thecaublefirm.com>
**Sent:** Monday, July 18, 2022 3:01 PM
**To:** Davidson, Clifford <csdavidson@swlaw.com>
**Cc:** Alyssa Hayes <AHayes@thecaublefirm.com>; Leigh Miranda <LMiranda@thecaublefirm.com>; Cotton, Marsha <mcotton@swlaw.com>; Langlois, Jennifer <jlanglois@swlaw.com>
**Subject:** Re: Holt v Urban League -- LR 7-1 conferral

**[EXTERNAL]** ccauble@thecaublefirm.com

---

I'm in Scotland right now and can't really get back to you until next week. Please wait until my return before taking any action.

Sent from my iPhone

3

Exhibit 4
Page 3 of 4

On Jul 18, 2022, at 9:57 PM, Davidson, Clifford <csdavidson@swlaw.com> wrote:

Chris:

I hope all is well. We write to confer pursuant to LR 7-1. We plan to file an anti-SLAPP motion pursuant to ORS 31.150-.155, on behalf of defendants ULPDX and Harmon Johnson, with a likely joinder by Ms. Stoudamire-Phillips. The anti-SLAPP statute applies because, especially in light of Dr. Holt's allegations that he is a prominent member of the Portland Black community, the allegations of the complaint arise from conduct in furtherance of speech on an issue of public interest; comments about prominent members of specific communities fall under ORS 31.150 (2)(d). The burden then will shift to your clients to present a prima facie case supported by admissible evidence. We think your clients would be hard-pressed to show that the statement alleged—that there was a harassment complaint against Dr. Holt—was false. Indeed, one was filed against Dr. Holt by a ULPDX employee in 2020 after an incident at a committee meeting Dr. Holt facilitated.

Our firm's clients would be entitled to recover attorney fees if the motion is granted. ORS 31.152 (3). We urge your clients to reconsider their lawsuit. Our clients may be willing to waive the right to recover the fees incurred to date, in exchange for a dismissal with prejudice. Please let us know if that is of interest.

Thank you,
Cliff

**Clifford S. Davidson** (he/him/his)

office: 503.443.6099
email: csdavidson@swlaw.com

Snell & Wilmer
The Broadway Tower | 1455 SW Broadway | Suite 1750 | Portland, OR 97201



swlaw.com | disclaimer

Albuquerque | Boise | Dallas | Denver | Las Vegas | Los Angeles | Los Cabos | Orange County | Phoenix | Portland | Reno | Lake City | San Diego | Seattle | Tucson | Washington, D.C.
LinkedIn | Twitter | Facebook | Instagram

Exhibit 4
Page 4 of 4

| Timekeeper | | Date | Hours | |
|---|---|---|---|---|
| Cotton, Marsha | Review plaintiffs' notice of appeal; correspondence with client re the same | 1/31/2024 | 0.10 | Appeal |
| Davidson, Clifford | Reviewed notice of appeal and verified it does not affect trial court jurisdiction re attorney fees | 1/31/2024 | 0.10 | Appeal |
| Davidson, Clifford | Reviewed docketing materials from Ninth Circuit re Holt appeal | 2/9/2024 | 0.20 | Appeal |
| Davidson, Clifford | Responded to correspondence from Ninth Circuit mediator concerning initial conference | 2/15/2024 | 0.10 | Appeal |
| Davidson, Clifford | Reviewed materials from Ninth Circuit mediator | 2/20/2024 | 0.10 | Appeal |
| Davidson, Clifford | Conference with 9th Circuit mediator and opposing counsel (mandatory conference re anti-SLAPP appeal) | 3/11/2024 | 0.20 | Appeal |
| Davidson, Clifford | Reviewed opposing counsel's motion for extension of time to file opening brief | 4/17/2024 | 0.10 | Appeal |
| Davidson, Clifford | Correspondence with opposing counsel re their request for extension of time to file opening brief on appeal | 5/15/2024 | 0.10 | Appeal |
| Davidson, Clifford | Prepared opposition to motion for extension of time | 5/17/2024 | 0.20 | Appeal |
| Davidson, Clifford | Reviewed scheduling order from Ninth Circuit | 5/30/2024 | 0.10 | Appeal |
| Davidson, Clifford | Reviewed Ninth Circuit order extending time for opening brief | 5/30/2024 | 0.10 | Appeal |
| Davidson, Clifford | Quick review of excerpts designated by Holt in opening brief to see if we need to counter-designate | 6/24/2024 | 0.30 | Appeal |
| Eyman, Drew | Review opening brief in preparation for drafting answering brief | 6/25/2024 | 0.20 | Appeal |
| Davidson, Clifford | Identified arguments to refute and factual assertions (re anti-SLAPP appeal) | 6/27/2024 | 0.70 | Appeal |
| Eyman, Drew | Analyze opening brief in preparation for drafting answering brief | 6/27/2024 | 1.90 | Appeal |
| Davidson, Clifford | Further outline response to opening brief | 6/29/2024 | 0.80 | Appeal |
| Eyman, Drew | Analyze legal strategy regarding record on appeal; review appellate rules regarding the same | 6/29/2024 | 0.20 | Appeal |
| Eyman, Drew | Analyze legal strategy in preparation for drafting answering brief | 6/29/2024 | 0.20 | Appeal |
| Cotton, Marsha | Review and analyze rules regarding relevant transcripts omitted from an appeal record; prepare motion to supplement record re the same. | 7/2/2024 | 1.80 | Appeal |
| Cotton, Marsha | Review appellant's opening brief. | 7/2/2024 | 1.50 | Appeal |
| Davidson, Clifford | Conference regarding legal strategy for record on appeal in preparation for drafting answering brief | 7/2/2024 | 0.20 | Appeal |
| Davidson, Clifford | Analysis of Holt's opening brief, and considered whether to supplement with discovery hearing transcript because Holt didn't send required notice | 7/2/2024 | 0.40 | Appeal |
| Eyman, Drew | Conference with attorney Cliff Davidson regarding legal strategy for record on appeal in preparation for drafting answering brief | 7/2/2024 | 0.20 | Appeal |
| Eyman, Drew | Analyze legal strategy regarding record on appeal for purposes of drafting answering brief | 7/2/2024 | 0.60 | Appeal |
| Cotton, Marsha | Continue to prepare motion to supplement record re January 2023 transcript; prepare corporate disclosure statement for initial appearance. | 7/3/2024 | 0.80 | Appeal |
| Eyman, Drew | Analyze first draft of motion to supplement the record and suggest additions to the same | 7/3/2024 | 0.20 | Appeal |
| Cotton, Marsha | Prepare outline of arguments for appellee response brief. | 7/7/2024 | 1.00 | Appeal |
| Cotton, Marsha | Prepare outline for appellate response brief. | 7/8/2024 | 1.00 | Appeal |
| Cotton, Marsha | Prepare outline of arguments for appellee response brief. | 7/9/2024 | 1.00 | Appeal |
| Cotton, Marsha | Conference with attorneys Cliff Davidson and Marsha Cotton regarding legal strategy for response brief | 7/9/2024 | 1.00 | Appeal |
| Cotton, Marsha | Strategize with C. Davidson and D. Eyman on arguments to include in response to appellant's opening brief. | 7/9/2024 | 1.00 | Appeal |
| Davidson, Clifford | Conference regarding legal strategy for answering brief | 7/9/2024 | 1.00 | Appeal |
| Eyman, Drew | Analyze trial court record in preparation for drafting response brief | 7/9/2024 | 1.70 | Appeal |
| Eyman, Drew | Conference with attorneys Cliff Davidson and Marsha Cotton regarding legal strategy for response brief | 7/9/2024 | 1.00 | Appeal |
| Eyman, Drew | Analyze legal strategy in preparation for drafting response brief | 7/9/2024 | 0.20 | Appeal |
| Eyman, Drew | Draft/revise motion to supplement record (0.50); analyze rules of appellate procedure and treatises regarding the same (1.10) | 7/10/2024 | 1.60 | Appeal |
| Eyman, Drew | Prepare supplemental excerpt of record | 7/10/2024 | 0.40 | Appeal |
| Cotton, Marsha | Continue to prepare outline of arguments for appellee response brief. | 7/11/2024 | 0.70 | Appeal |
| Eyman, Drew | Analyze and revise outline of legal arguments in preparation for drafting answering brief | 7/11/2024 | 0.60 | Appeal |
| Eyman, Drew | Analyze legal strategy in preparation for drafting answering brief | 7/11/2024 | 1.00 | Appeal |
| Cotton, Marsha | Continue to draft appellate brief. | 7/12/2024 | 1.70 | Appeal |
| Eyman, Drew | Research and analyze case law regarding truth as defense for purposes of drafting answering brief | 7/12/2024 | 1.40 | Appeal |
| Cotton, Marsha | Continue to draft appellate brief | 7/13/2024 | 2.00 | Appeal |
| Davidson, Clifford | Review and revise outline of answering brief, and added Eerie/Rule 56 argument | 7/14/2024 | 0.80 | Appeal |
| Cotton, Marsha | Continue to brief answering brief. | 7/15/2024 | 2.00 | Appeal |
| Davidson, Clifford | Draft discovery section of responding brief | 7/15/2024 | 0.80 | Appeal |
| Eyman, Drew | Analyze legal strategy regarding answering brief for purposes of drafting the same | 7/15/2024 | 0.30 | Appeal |
| Cotton, Marsha | Draft answering brief | 7/16/2024 | 2.00 | Appeal |
| Eyman, Drew | Analyze legal strategy regarding answering brief | 7/17/2024 | 0.20 | Appeal |
| Cotton, Marsha | Draft prong 1 arguments for answering brief. | 7/18/2024 | 5.00 | Appeal |
| Eyman, Drew | Draft/revise answering brief | 7/18/2024 | 3.50 | Appeal |
| Eyman, Drew | Analyze draft of answering brief in preparation for drafting/revise the same | 7/18/2024 | 1.90 | Appeal |
| Davidson, Clifford | Analyze Holt's apparent conflation of public figure (prong 2) with public eye (prong 1) | 7/19/2024 | 0.30 | Appeal |
| Eyman, Drew | Analyze case law regarding anti-SLAPP procedures for purposes of drafting answering brief | 7/19/2024 | 1.20 | Appeal |
| Eyman, Drew | Continue to draft/revise | 7/19/2024 | 5.30 | Appeal |
| Cotton, Marsha | Continue to prepare answering brief argument re private communications. | 7/21/2024 | 1.50 | Appeal |
| Eyman, Drew | Continue to draft/revise opening brief | 7/21/2024 | 0.20 | Appeal |
| Cotton, Marsha | Revise answering brief draft to incorporate D. Eyman edits. | 7/22/2024 | 2.50 | Appeal |
| Eyman, Drew | Analyze case law regarding anti-slapp procedures for purposes of drafting answering brief | 7/22/2024 | 0.50 | Appeal |
| Eyman, Drew | Continue to draft/revise answering brief | 7/22/2024 | 1.80 | Appeal |
| Eyman, Drew | Conference with Marsha Cotton regarding legal strategy for answering brief for purposes of preparing the same | 7/22/2024 | 0.20 | Appeal |

EXHIBIT 5
Page 1 of 5

| Timekeeper | | Date | Hours | |
|---|---|---|---|---|
| Cotton, Marsha | Review case law cited by plaintiff for the purpose of drafting answering appellate brief | 7/23/2024 | 2.00 | Appeal |
| Cotton, Marsha | Draft answering brief argument re Rule 56 discovery. | 7/24/2024 | 3.70 | Appeal |
| Cotton, Marsha | Review correspondence from N. Harmon Johnson. | 7/24/2024 | 0.10 | Appeal |
| Cotton, Marsha | Conference re anti-SLAPP appeal briefing strategy | 7/25/2024 | 0.10 | Appeal |
| Cotton, Marsha | Continue to draft argument re assignment of error 3. | 7/25/2024 | 2.50 | Appeal |
| Davidson, Clifford | Conference re anti-SLAPP appeal briefing strategy | 7/25/2024 | 0.10 | Appeal |
| Eyman, Drew | Correspondence with Marsha Cotton regarding answering brief status | 7/25/2024 | 0.10 | Appeal |
| Eyman, Drew | Research and analyze case law regarding anti-SLAPP statute for purposes of drafting answering brief | 7/27/2024 | 0.30 | Appeal |
| Eyman, Drew | Continue to draft/revise answering brief | 7/27/2024 | 1.90 | Appeal |
| Davidson, Clifford | Conference regarding answering brief for purposes of preparing the same | 7/29/2024 | 0.30 | Appeal |
| Davidson, Clifford | Review and revise responding brief | 7/29/2024 | 4.10 | Appeal |
| Eyman, Drew | Continue to draft/revise answering brief | 7/29/2024 | 0.40 | Appeal |
| Eyman, Drew | Correspondence with attorney Marsha Cotton regarding excerpt of record for purposes of preparing answering brief | 7/29/2024 | 0.10 | Appeal |
| Eyman, Drew | Correspondence with paralegal Nicole Whitney regarding preparation of supplemental excerpt of record | 7/29/2024 | 0.10 | Appeal |
| Eyman, Drew | Conference with attorney Cliff Davidson regarding answering brief for purposes of preparing the same | 7/29/2024 | 0.30 | Appeal |
| Eyman, Drew | Further draft/revise answering brief | 7/31/2024 | 0.70 | Appeal |
| Cotton, Marsha | Revise answering brief to implement C. Davidson edits. | 8/1/2024 | 1.00 | Appeal |
| Davidson, Clifford | Analyzed due date for transcript we designated because plaintiffs didn't | 8/1/2024 | 0.10 | Appeal |
| Eyman, Drew | Analyze trial court record for purposes of drafting answering brief. | 8/1/2024 | 1.50 | Appeal |
| Eyman, Drew | Continue to draft/revise answering brief | 8/1/2024 | 0.90 | Appeal |
| Cotton, Marsha | Continue to incorporate C. Davidson edits into answering brief. | 8/3/2024 | 1.80 | Appeal |
| Cotton, Marsha | Continue to incorporate C. Davidson edits into answering brief. | 8/4/2024 | 0.40 | Appeal |
| Cotton, Marsha | Continue to incorporate C. Davidson edits into answering brief. | 8/5/2024 | 1.60 | Appeal |
| Cotton, Marsha | Prepare supplemental excerpts of record | 8/5/2024 | 0.70 | Appeal |
| Eyman, Drew | Conference with attorney Marsha Cotton regarding answering brief for purposes of preparing the same | 8/5/2024 | 0.20 | Appeal |
| Eyman, Drew | Research and analyze case law regarding defamation by implication for purposes of drafting answering brief | 8/6/2024 | 0.60 | Appeal |
| Eyman, Drew | Continue to draft/revise answering brief | 8/6/2024 | 1.50 | Appeal |
| Eyman, Drew | Correspondence with paralegal Nicole Whitney regarding appellate record | 8/7/2024 | 0.10 | Appeal |
| Davidson, Clifford | Attention to transcript designation issues (because plaintiff did not serve us with notice that he would not be designating) | 8/8/2024 | 0.40 | Appeal |
| Eyman, Drew | Continue to draft/revise answering brief | 8/8/2024 | 1.70 | Appeal |
| Eyman, Drew | Prepare record for answering brief | 8/8/2024 | 0.10 | Appeal |
| Eyman, Drew | Further draft/revise answering brief | 8/9/2024 | 2.70 | Appeal |
| Cotton, Marsha | Prepare record citations for answering brief | 8/12/2024 | 0.90 | Appeal |
| Davidson, Clifford | Reviewed and revised answering anti-SLAPP brief on appeal | 8/12/2024 | 1.70 | Appeal |
| Eyman, Drew | Analyze legal strategy regarding record citations in light of appellant's counsel's noncompliance with circuit rules regarding the same | 8/12/2024 | 0.40 | Appeal |
| Eyman, Drew | Analyze trial court record for purposes of preparing answering brief | 8/12/2024 | 1.30 | Appeal |
| Cotton, Marsha | Revise answering brief to update excerpts of record cites and further incorporate C. Davidson edits. | 8/13/2024 | 3.80 | Appeal |
| Davidson, Clifford | Correspondence with client re edits to opening brief (.1); final review of opening brief (.6) | 8/13/2024 | 0.70 | Appeal |
| Eyman, Drew | Analyze trial court record for purposes of drafting answering brief | 8/13/2024 | 2.60 | Appeal |
| Eyman, Drew | Further draft/revise answering brief | 8/13/2024 | 2.90 | Appeal |
| Davidson, Clifford | Reviewed notice of appeal of district court's attorney fees award; considered whether correct procedure was followed, as opposed to amending notice of appeal in preexisting case; considered strategy re relating appeals or not | 8/14/2024 | 0.20 | Appeal |
| Eyman, Drew | Finalize answering brief | 8/14/2024 | 0.60 | Appeal |
| Davidson, Clifford | Review answering brief | 8/15/2024 | 0.80 | Appeal |
| Eyman, Drew | Continue to finalize answering brief | 8/15/2024 | 0.80 | Appeal |
| Davidson, Clifford | Final review of answering brief and excerpts | 8/16/2024 | 0.40 | Appeal |
| Davidson, Clifford | Reviewed notices from Ninth Circuit concerning appeal of award of attorney fees | 8/20/2024 | 0.10 | Appeal |
| Davidson, Clifford | Review correspondence from Ninth Circuit mediation program re appeal of attorney fee award and corresponded with Nkenge Harmon Johnson re same | 8/22/2024 | 0.20 | Appeal |
| Davidson, Clifford | Reviewed opposing counsel's email to Ninth Circuit mediator and drafted response | 8/23/2024 | 0.20 | Appeal |
| Davidson, Clifford | Correspondence with Ninth Circuit mediator re scheduling a call | 8/27/2024 | 0.10 | Appeal |
| Davidson, Clifford | Attended mandatory conference with Ninth Circuit mediator | 9/13/2024 | 0.50 | Appeal |
| Davidson, Clifford | Correspondence with Ninth Circuit mediator re recent events affecting settlement | 9/13/2024 | 0.20 | Appeal |
| Davidson, Clifford | Considered Holt's clarification(?) of settlement offer and corresponded with Nkenge re same | 9/30/2024 | 0.10 | Appeal |
| Davidson, Clifford | Responded to opposing counsel's correspondence with mediator | 10/22/2024 | 0.20 | Appeal |
| Davidson, Clifford | Correspondence with opposing counsel re bond motion | 10/25/2024 | 0.20 | Appeal |
| Davidson, Clifford | Considered motion for extension of time to file opening brief in attorney fees appeal and grounds for opposing same | 11/25/2024 | 0.10 | Appeal |
| Eyman, Drew | Analyze correspondence from opposing counsel regarding extension of time; analyze legal strategy related thereto; email to opposing counsel regarding the same | 11/26/2024 | 0.50 | Appeal |
| Davidson, Clifford | Reviewed findings and recommendations requiring Holt to post a bond for costs on appeal | 12/16/2024 | 0.20 | Appeal |
| Davidson, Clifford | Reviewed time entries from January 1, 2024, for purposes of calculating fees and costs to seek in trial court and Ninth Circuit | 1/15/2025 | 0.30 | Appeal |
| Eyman, Drew | Research and analyze authority regarding where and when to seek attorney fees in preparation for seeking attorney fees | 1/16/2025 | 0.40 | Appeal |
| Davidson, Clifford | Considered how best to respond to Holt's motions to dismiss | 1/17/2025 | 0.10 | Appeal |

EXHIBIT 5
Page 2 of 5

| Timekeeper | | Date | Hours | |
|---|---|---|---|---|
| Eyman, Drew | Draft responses to motions to voluntarily dismiss | 1/17/2025 | 0.60 | Appeal |
| Eyman, Drew | Review motion to voluntarily dismiss and related documents for purposes of drafting response to the same | 1/17/2025 | 0.30 | Appeal |

EXHIBIT 5
Page 3 of 5

| Timekeeper | Narrative | Date | Hours | Rate | Charge | Stage |
|---|---|---|---|---|---|---|
| Whitney, Nicole L. | Review court filings and prepare supplemental excerpts of record and index. | 8/6/2024 | 1.20 | 285.00 | 342.00 | Appeal |
| Whitney, Nicole L. | Revise Supplemental Excerpts of Record for filing with the Ninth Circuit Court of Appeals. | 8/8/2024 | 0.50 | 285.00 | 142.50 | Appeal |
| Whitney, Nicole L. | Revise supplemental excerpts of record and index. | 8/8/2024 | 0.30 | 285.00 | 85.50 | Appeal |
| Whitney, Nicole L. | Revise Supplemental Excerpts of record and add additional documents and finalize for filing. | 8/13/2024 | 0.70 | 285.00 | 199.50 | Appeal |
| Whitney, Nicole L. | Revise index and certificate of service to reflect current date for filing and revise Answering brief with Statement of Related cases, Certificate of Compliance pursuant to Ninth Circuit rules. | 8/15/2024 | 0.50 | 285.00 | 142.50 | Appeal |
| Whitney, Nicole L. | Revise Answering brief and Supplemental Excerpts of record and file same with the Ninth Circuit Court of Appeals. | 8/16/2024 | 0.80 | 285.00 | 228.00 | Appeal |
| Whitney, Nicole L. | Review Clerk's order and prepare required copies of Answering Brief and Supplemental Excerpts of Record and send to the Ninth Circuit. | 8/19/2024 | 0.50 | 285.00 | 142.50 | Appeal |

EXHIBIT 5
Page 4 of 5

Westlaw Fees

| | Date | Qty | Amount |
|---|---|---|---|
| WestLaw Research | | | |
| DAVIDSON,CLIFFORD Westlaw Legal Research | 2/11/2024 | 3 | 15.00 |
| DAVIDSON,CLIFFORD Westlaw Legal Research | 2/12/2024 | 28 | 140.00 |
| DAVIDSON,CLIFFORD Westlaw Legal Research | 2/15/2024 | 83 | 415.00 |
| DAVIDSON,CLIFFORD Westlaw Legal Research | 2/16/2024 | 31 | 155.00 |
| DAVIDSON,CLIFFORD Westlaw Legal Research | 2/18/2024 | 9 | 45.00 |
| DAVIDSON,CLIFFORD Westlaw Legal Research | 6/8/2024 | 70 | 350.00 |
| DAVIDSON,CLIFFORD Westlaw Legal Research | 6/11/2024 | 28 | 140.00 |
| DAVIDSON,CLIFFORD Westlaw Legal Research | 6/12/2024 | 24 | 120.00 |
| COTTON,MARSHA Westlaw Legal Research | 7/2/2024 | 48 | 240.00 |
| EYMAN,DREW Westlaw Legal Research | 7/11/2024 | 45 | 225.00 |
| EYMAN,DREW Westlaw Legal Research | 7/12/2024 | 20 | 100.00 |
| COTTON,MARSHA Westlaw Legal Research | 7/16/2024 | 28 | 140.00 |
| EYMAN,DREW Westlaw Legal Research | 7/18/2024 | 41 | 205.00 |
| COTTON,MARSHA Westlaw Legal Research | 7/18/2024 | 87 | 435.00 |
| EYMAN,DREW Westlaw Legal Research | 7/19/2024 | 24 | 120.00 |
| COTTON,MARSHA Westlaw Legal Research | 7/19/2024 | 23 | 115.00 |
| EYMAN,DREW Westlaw Legal Research | 7/22/2024 | 8 | 40.00 |
| COTTON,MARSHA Westlaw Legal Research | 7/22/2024 | 2 | 10.00 |
| COTTON,MARSHA Westlaw Legal Research | 7/23/2024 | 18 | 90.00 |
| COTTON,MARSHA Westlaw Legal Research | 7/24/2024 | 3 | 15.00 |
| COTTON,MARSHA Westlaw Legal Research | 7/25/2024 | 13 | 65.00 |
| EYMAN,DREW Westlaw Legal Research | 7/27/2024 | 7 | 35.00 |
| EYMAN,DREW Westlaw Legal Research | 8/6/2024 | 33 | 165.00 |
| EYMAN,DREW Westlaw Legal Research | 8/9/2024 | 11 | 55.00 |
| DAVIDSON,CLIFFORD Westlaw Legal Research | 8/12/2024 | 48 | 240.00 |
| EYMAN,DREW Westlaw Legal Research | 8/13/2024 | 19 | 95.00 |
| BENEDICK,KELSEY Westlaw Legal Research | 8/28/2024 | 51 | 255.00 |
| BENEDICK,KELSEY Westlaw Legal Research | 10/16/2024 | 9 | 45.00 |
| BENEDICK,KELSEY Westlaw Legal Research | 10/17/2024 | 117 | 150.00 |
| BENEDICK,KELSEY Westlaw Legal Research | 10/18/2024 | 14 | 70.00 |
| BENEDICK,KELSEY Westlaw Legal Research | 10/21/2024 | 2 | 10.00 |
| DAVIDSON,CLIFFORD Westlaw Legal Research | 1/15/2025 | 4 | 20.00 |
| WestLaw Research | | | 4,835.00 |

EXHIBIT 5

| | |
|---|---|
| **From:** | Chris Cauble <CCauble@thecaublefirm.com> |
| **Sent:** | Wednesday, September 25, 2024 11:53 AM |
| **To:** | Davidson, Clifford |
| **Cc:** | Langlois, Jennifer |
| **Subject:** | Settlement offer |

**[EXTERNAL]** ccauble@thecaublefirm.com

---

Dear Clifford:

My client would be willing to pay 60,000 in attorney fees in full settlement of the appeal. He can do this with 2 $15,000 payments over two months and 3 10,000 payments over the remaining 3 months. Please advise if this is acceptable.

**CAUBLE & WHITTINGTON**
ATTORNEYS AT LAW

**Christopher L. Cauble**
**Managing Partner**
**Cauble & Whittington LLP**

**SOUTHERN OREGON OFFICE**
**111 SE 6th Street**
**Grants Pass, Oregon 97526**
**(541)-476-8825--- office**
**(541)-660-7830--- cell**
**(541)-471-1704--- fax**

**PORTLAND OFFICE**
**1205 NW 25th Ave**
**Portland, Oregon 97210**
**1-503-343-6645**

**CLACKAMAS OFFICE**
**2647 Lake Road**
**Milwaukie, Oregon 97222**
**1-503-343-6645**
www.thecaublefirm.com



Exhibit 6
Page 1 of 6



**From:** Chris Cauble
**Sent:** Friday, September 13, 2024 11:02 AM
**To:** Paula Raffaelli <Paula_Raffaelli@ca9.uscourts.gov>; Davidson, Clifford <csdavidson@swlaw.com>
**Cc:** Langlois, Jennifer <jlanglois@swlaw.com>
**Subject:** RE: 24-5017 Holt, et al. v. Urban League of Portland, Inc., et al. - Confidential Mediation Communication

I am waiting for a call or calling in? Phone number?

**CAUBLE & WHITTINGTON**
ATTORNEYS AT LAW

**Christopher L. Cauble**
**Managing Partner**
**Cauble & Whittington LLP**

**SOUTHERN OREGON OFFICE**
**111 SE 6th Street**
**Grants Pass, Oregon 97526**
**(541)-476-8825--- office**
**(541)-660-7830--- cell**
**(541)-471-1704--- fax**

**PORTLAND OFFICE**
**1205 NW 25th Ave**
**Portland, Oregon 97210**
**1-503-343-6645**

**CLACKAMAS OFFICE**
**2647 Lake Road**
**Milwaukie, Oregon 97222**
**1-503-343-6645**
[www.thecaublefirm.com](www.thecaublefirm.com)



Exhibit 6
Page 2 of 6



**From:** Paula Raffaelli <Paula_Raffaelli@ca9.uscourts.gov>
**Sent:** Thursday, September 12, 2024 2:21 PM
**To:** Davidson, Clifford <csdavidson@swlaw.com>
**Cc:** Chris Cauble <CCauble@thecaublefirm.com>; Langlois, Jennifer <jlanglois@swlaw.com>
**Subject:** Re: 24-5017 Holt, et al. v. Urban League of Portland, Inc., et al. - Confidential Mediation Communication

Checking in again- Chris can you talk tomorrow at 10 (and Cliff are you still available then)?

---

**From:** Paula Raffaelli <Paula_Raffaelli@ca9.uscourts.gov>
**Sent:** Monday, September 9, 2024 1:08:53 PM
**To:** Davidson, Clifford <csdavidson@swlaw.com>
**Cc:** Chris Cauble <CCauble@thecaublefirm.com>; Langlois, Jennifer <jlanglois@swlaw.com>
**Subject:** Re: 24-5017 Holt, et al. v. Urban League of Portland, Inc., et al. - Confidential Mediation Communication

Works for me- Chris?

---

**From:** Davidson, Clifford <csdavidson@swlaw.com>
**Sent:** Monday, September 9, 2024 12:21:03 PM
**To:** Paula Raffaelli <Paula_Raffaelli@ca9.uscourts.gov>
**Cc:** Chris Cauble <CCauble@thecaublefirm.com>; Langlois, Jennifer <jlanglois@swlaw.com>
**Subject:** Re: 24-5017 Holt, et al. v. Urban League of Portland, Inc., et al. - Confidential Mediation Communication

CAUTION - EXTERNAL:


Friday at 10?

On Sep 9, 2024, at 11:30 AM, Paula Raffaelli <Paula_Raffaelli@ca9.uscourts.gov> wrote:

 [EXTERNAL] paula_raffaelli@ca9.uscourts.gov

No problem - I'm guessing that it at least isn't anticipated to be a long trial if you might be free later this week!

I am in a mediation Thursday but currently have Friday open and could do anytime before 3pm. I am happy to look at times early next week too if that helps.

-----Original Message-----
From: Davidson, Clifford <csdavidson@swlaw.com>
Sent: Monday, September 9, 2024 11:26 AM
To: Paula Raffaelli <Paula_Raffaelli@ca9.uscourts.gov>
Cc: Chris Cauble <CCauble@thecaublefirm.com>; Langlois, Jennifer <jlanglois@swlaw.com>
Subject: Re: 24-5017 Holt, et al. v. Urban League of Portland, Inc., et al. - Confidential Mediation Communication

CAUTION - EXTERNAL:

3

Exhibit 6
Page 3 of 6

I think we're going to have to reschedule this due to my jury service. I have been sent out to a courtroom and I think it's pretty likely. I'm gonna be on the jury. Could we maybe reset it to later this week, perhaps Thursday or Friday? I have added my assistant, Jen Langlois, who might be able to help with my availability later in the week.

On Aug 27, 2024, at 9:17 AM, Paula Raffaelli <Paula_Raffaelli@ca9.uscourts.gov> wrote:


[EXTERNAL] paula_raffaelli@ca9.uscourts.gov<mailto:paula_raffaelli@ca9.uscourts.gov>

_____
How about this – I'll schedule a call so we can have something on our calendars, and we can use that time to discuss either the possibility of resolution, or what sort of case management/procedural orders I might be able to help with if you both decide to let the appeal proceed. Sound okay? I'll get the order out today, and we can always reschedule/cancel if needed too.

Thank you both!
Paula

From: Davidson, Clifford <csdavidson@swlaw.com>
Sent: Friday, August 23, 2024 10:45 AM
To: Paula Raffaelli <Paula_Raffaelli@ca9.uscourts.gov>; Chris Cauble <CCauble@thecaublefirm.com>
Subject: RE: 24-5017 Holt, et al. v. Urban League of Portland, Inc., et al. - Confidential Mediation Communication

CAUTION - EXTERNAL:


Hi, Paula. Sorry for my delay. Chris: Do you have an offer I could present to my clients? That's probably better than having them think hypothetically. Any offer of reduced fees would have to include dismissal of the merits appeal and a waiver of all known or unknown claims relating to the allegations of the complaint.

My clients aren't interested in abeyance because they're out the attorney fees your clients now owe. If the court wants to consolidate these appeals for argument, we can do that, but let's get the briefing done if we can't reach a resolution.

--Cliff

From: Paula Raffaelli <Paula_Raffaelli@ca9.uscourts.gov<mailto:Paula_Raffaelli@ca9.uscourts.gov>>
Sent: Friday, August 23, 2024 10:32 AM
To: Chris Cauble <CCauble@thecaublefirm.com<mailto:CCauble@thecaublefirm.com>>; Davidson, Clifford <csdavidson@swlaw.com<mailto:csdavidson@swlaw.com>>
Subject: RE: 24-5017 Holt, et al. v. Urban League of Portland, Inc., et al. - Confidential Mediation Communication


[EXTERNAL] paula_raffaelli@ca9.uscourts.gov<mailto:paula_raffaelli@ca9.uscourts.gov>

_____
Thanks Chris. Cliff – any thoughts you'd like to share? And again you're welcome to just write to me separately if that's preferable.

Exhibit 6
Page 4 of 6

Paula

From: Chris Cauble <CCauble@thecaublefirm.com<mailto:CCauble@thecaublefirm.com>>
Sent: Thursday, August 22, 2024 2:06 PM
To: Paula Raffaelli <Paula_Raffaelli@ca9.uscourts.gov<mailto:Paula_Raffaelli@ca9.uscourts.gov>>;
csdavidson@swlaw.com<mailto:csdavidson@swlaw.com>
Subject: RE: 24-5017 Holt, et al. v. Urban League of Portland, Inc., et al. - Confidential Mediation Communication

CAUTION - EXTERNAL:


Thanks:

My initial thought is: I don't know if there is much of a chance of mediating this. I was thinking that it could be
possible IF the defense were willing to forgive a large portion, if not all, of its attorney fees. If they are willing to do
that, then I would think a meeting would be a good idea.

I also think it would be a good idea to hold this in abeyance until the court decides on the merits of the underlying
appeal. If we win, then the issue of fees becomes moot.

[image001.jpg]

Christopher L. Cauble
Managing Partner
Cauble & Whittington LLP

SOUTHERN OREGON OFFICE
111 SE 6th Street
Grants Pass, Oregon 97526
(541)-476-8825--- office
(541)-660-7830--- cell
(541)-471-1704--- fax

PORTLAND OFFICE
1205 NW 25th Ave
Portland, Oregon 97210
1-503-343-6645

CLACKAMAS OFFICE
2647 Lake Road
Milwaukie, Oregon 97222
1-503-343-6645
www.thecaublefirm.com<http://www.thecaublefirm.com><http://www.thecaublefirm.com/<http://www.thecaub
lefirm.com>>

[image002.jpg]


[image003.jpg]

From: Paula Raffaelli <Paula_Raffaelli@ca9.uscourts.gov<mailto:Paula_Raffaelli@ca9.uscourts.gov>>

Exhibit 6
Page 5 of 6

Sent: Thursday, August 22, 2024 1:56 PM
To: Chris Cauble <CCauble@thecaublefirm.com<mailto:CCauble@thecaublefirm.com>>;
csdavidson@swlaw.com<mailto:csdavidson@swlaw.com>
Subject: 24-5017 Holt, et al. v. Urban League of Portland, Inc., et al. - Confidential Mediation Communication

Counsel,

As you may recall, I spoke with both of you about this matter when the appeal of the underlying merits decision was filed. I see now there is an appeal on the fee motion. When we spoke back in March, I recall there being some interest in potentially resolving the fees separately, but there was also some interest in just moving the case forward to a decision. I'm writing to gather your thoughts – would it be helpful to schedule another assessment call to discuss possible resolution on the fees (or anything else), or given where things are at, is it better to skip the call and let this action make its way to a panel as well? Or is there some third option? I welcome your thoughts, and feel free to either reply all or directly to me, whichever you prefer.

Thanks!
Paula


Paula Raffaelli
Circuit Mediator
U.S. Court of Appeals for the Ninth Circuit
95 Seventh Street
San Francisco, CA 94103
415-355-7909
Mediation Website<https://www.ca9.uscourts.gov/mediation/<https://www.ca9.uscourts.gov/mediation>>


Confidentiality Notice
Mediation communications are confidential.
See Ninth Circuit Rule 33-
1<https://cdn.ca9.uscourts.gov/datastore/uploads/rules/frap.pdf#page=159&zoom=100,93,342<https://cdn.ca9.uscourts.gov/datastore/uploads/rules/frap.pdf#page=159&zoom=100,93,342>> for details.

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.


CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.


CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.


CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

Exhibit 6
Page 6 of 6

**From:**         Chris Cauble <CCauble@thecaublefirm.com>
**Sent:**         Monday, September 30, 2024 2:03 PM
**To:**           Davidson, Clifford
**Cc:**           Chase Beguin
**Subject:**      offer

**[EXTERNAL]** ccauble@thecaublefirm.com

---

Dear Clifford:

I spoke to my client and he wanted to clarify an important point in the last offer I sent which I may not have properly communicated last week  He wants to make it clear that he **will not do a full release and intends to continue with the appeal.** The offer was simply to settle the attorney fee portion of the case. I want to make sure that there is no misunderstanding there. I do not have authority to dismiss the appeal under any circumstances. Therefore, please consider my offer under these terms.

My client believes that the decision of the trial court is in error and believes that he has a strong chance of a reversal. He is reviewing his options concerning your current collection efforts.

Also, your client is continuing with actions in her communications with others to damage my client and his business. These actions keep getting worse and, at the very least, constitute intentional interference with contractual relations. My client does not want to avoid any remedies he may have as a result of your clients' continued misconduct.



**Christopher L. Cauble**
**Managing Partner**
**Cauble & Whittington LLP**

**SOUTHERN OREGON OFFICE**
**111 SE 6th Street**
**Grants Pass, Oregon 97526**
**(541)-476-8825--- office**
**(541)-660-7830--- cell**
**(541)-471-1704--- fax**

**PORTLAND OFFICE**
**1205 NW 25th Ave**
**Portland, Oregon 97210**
**1-503-343-6645**

**CLACKAMAS OFFICE**
**2647 Lake Road**

Exhibit 7
Page 1 of 2

**Milwaukie, Oregon 97222**
**1-503-343-6645**
www.thecaublefirm.com





2

Exhibit 7
Page 2 of 2

**From:**          Davidson, Clifford
**Sent:**          Monday, January 13, 2025 3:19 PM
**To:**            'Chase Beguin'; Chris Cauble
**Cc:**            Benedick, Kelsey; Cindy Ogier
**Subject:**       RE: Rule 408 Communication:: Proposed Settlement

Chase and Chris:

I have spoken with Urban League PDX about Mr. Holt's offer. Urban League PDX also wishes to end this litigation. However, Urban League PDX declines Mr. Holt's offer and counters as follows:

- Plaintiffs will pay the attorney fees incurred since the court entered the attorney fees judgment. This means the attorney fees at the rate ULPDX actually incurred them, not at the rate the court awarded. I haven't yet calculated these fees because I wanted to get back to you promptly.
- Plaintiffs may propose a payment plan if they wish.
- The parties will execute mutual releases of all known and unknown claims they might have, or have had, against one another.

Please let me know if this is of interest in principle and I will send you a total of the attorney fees.

--Cliff

**From:** Chase Beguin <CBeguin@thecaublefirm.com>
**Sent:** Thursday, January 9, 2025 3:47 PM
**To:** Davidson, Clifford <csdavidson@swlaw.com>; Chris Cauble <CCauble@thecaublefirm.com>
**Cc:** Benedick, Kelsey <kbenedick@swlaw.com>; Cindy Ogier <COgier@thecaublefirm.com>
**Subject:** RE: Rule 408 Communication:: Proposed Settlement

**[EXTERNAL]** cbeguin@thecaublefirm.com

Yes, this would be a total walk-away waiving all known and unknown claims at the time of signing.

As clarity on the counsel of record comment, it was most likely a staff member who I spoke with who was confused when I called your office after we made an initial appearance in the case; no harm no foul and thank you for the apology.

Sincerely,

**Chase A.S. Beguin**
**Partner**
**Cauble, Furr & Beguin, LLP**
**Josephine County Bar President**

**SOUTHERN OREGON OFFICE**

Exhibit 8
Page 1 of 5

**111 SE 6ᵗʰ Street**
**Grants Pass, Oregon 97526**
**541-476-8825 - office**
**541-471-1704--- fax**

**PORTLAND OFFICE**
**1205 NW 25ᵗʰ Ave**
**Portland, Oregon 97210**
**1-503-343-6645**
www.thecaublefirm.com

CONFIDENTIALITY NOTICE:  This transmission contains
information from the firm of Cauble, Furr & Beguin LLP,
which is confidential and legally privileged.  It is intended
only for the use of individual or entity named above.  If you
are not the intended recipient, you are notified that any
disclosure, copying, distribution or the taking of any
action in reliance on the contents of this transmission is
prohibited.  If you have received this e-mail in error, please
immediately notify us by telephone.  In addition, please delete
the erroneously received transmission from any device/media
where the message is stored.

**IRS COMPLIANCE:  To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice
contained in this communication (including any attachments) is not intended or written to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or
recommending to another party any transaction or matter addressed herein.**

**From:** Davidson, Clifford <csdavidson@swlaw.com>
**Sent:** Thursday, January 9, 2025 3:43 PM
**To:** Chris Cauble <CCauble@thecaublefirm.com>; Chase Beguin <CBeguin@thecaublefirm.com>
**Cc:** Benedick, Kelsey <kbenedick@swlaw.com>; Cindy Ogier <COgier@thecaublefirm.com>
**Subject:** RE: Rule 408 Communication:: Proposed Settlement

Question: would this be with a mutual waiver of all known and unknown claims?

**From:** Davidson, Clifford
**Sent:** Thursday, January 9, 2025 3:41 PM
**To:** 'Chris Cauble' <CCauble@thecaublefirm.com>; Chase Beguin <CBeguin@thecaublefirm.com>
**Cc:** Benedick, Kelsey <kbenedick@swlaw.com>; Cindy Ogier <COgier@thecaublefirm.com>
**Subject:** RE: Rule 408 Communication:: Proposed Settlement

Thanks. I don't recall saying that but it wasn't very nice if I did and I apologize. I will ask our clients and get back to you.

2

Exhibit 8
Page 2 of 5

**From:** Chris Cauble <CCauble@thecaublefirm.com>
**Sent:** Thursday, January 9, 2025 2:55 PM
**To:** Chase Beguin <CBeguin@thecaublefirm.com>; Davidson, Clifford <csdavidson@swlaw.com>
**Cc:** Benedick, Kelsey <kbenedick@swlaw.com>; Cindy Ogier <COgier@thecaublefirm.com>
**Subject:** RE: Rule 408 Communication:: Proposed Settlement

**[EXTERNAL]** ccauble@thecaublefirm.com

Clifford:

You have stated in the past that you will only confer with "Counsel of Record". Mr. Beguin is fully aware of the issues in this matter and you can confer with him concerning resolution of the case.

# CAUBLE, FURR, & BEGUIN
## ATTORNEYS AT LAW

**Christopher L. Cauble**
**Managing Partner**
**Cauble, Furr & Beguin, LLP**

**SOUTHERN OREGON OFFICE**
**111 SE 6th Street**
**Grants Pass, Oregon 97526**
**(541)-476-8825--- office**
**(541)-660-7830--- cell**
**(541)-471-1704--- fax**

**PORTLAND OFFICE**
**1205 NW 25th Ave**
**Portland, Oregon 97210**
**1-503-343-6645**

**CLACKAMAS OFFICE**
**2647 Lake Road**
**Milwaukie, Oregon 97222**
**1-503-343-6645**
www.thecaublefirm.com



Exhibit 8
Page 3 of 5



**From:** Chase Beguin <CBeguin@thecaublefirm.com>
**Sent:** Thursday, January 9, 2025 2:44 PM
**To:** Davidson, Clifford <csdavidson@swlaw.com>
**Cc:** Benedick, Kelsey <kbenedick@swlaw.com>; Cindy Ogier <COgier@thecaublefirm.com>; Chris Cauble <CCauble@thecaublefirm.com>
**Subject:** Rule 408 Communication:: Proposed Settlement

Good afternoon Clifford,

I am reaching out to inquire if your client would be interested in a stipulated agreement whereby we would dismiss the pending appeals, in exchange for a waiver of any more fees than what has already been awarded by the Court.

Please let me know your position by Monday, 1/13/2025, as we are getting close to another filing deadline.

Happy to hop on a call if you believe it would be helpful.

Sincerely,

**Chase A.S. Beguin**
**Partner**
**Cauble, Furr & Beguin, LLP**
**Josephine County Bar President**

**SOUTHERN OREGON OFFICE**
**111 SE 6th Street**
**Grants Pass, Oregon 97526**
**541-476-8825 - office**
**541-471-1704--- fax**

**PORTLAND OFFICE**
**1205 NW 25th Ave**
**Portland, Oregon 97210**
**1-503-343-6645**
www.thecaublefirm.com

CONFIDENTIALITY NOTICE: This transmission contains information from the firm of Cauble, Furr & Beguin LLP, which is confidential and legally privileged. It is intended only for the use of individual or entity named above. If you are not the intended recipient, you are notified that any

Exhibit 8
Page 4 of 5

disclosure, copying, distribution or the taking of any
action in reliance on the contents of this transmission is
prohibited.  If you have received this e-mail in error, please
immediately notify us by telephone.  In addition, please delete
the erroneously received transmission from any device/media
where the message is stored.

**IRS COMPLIANCE:  To ensure compliance with requirements imposed by the IRS, we inform you that any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.**

Exhibit 8
Page 5 of 5

**From:**              Davidson, Clifford <csdavidson@swlaw.com>
**Sent:**              Friday, February 21, 2025 10:10 AM
**To:**                drholt@tryxcellence.com
**Cc:**                Eyman, Drew; Langlois, Jennifer
**Subject:**           RE: 24-633 and 24-5017 - Holt v. Urban League of Portland, et al.

Dr. Holt:

I write with a demand to resolve the attorney fees issue through a $78,225.26 to The Urban League of Portland. This is the amount that The Urban League of Portland incurred in opposing your appeal, in litigating whether you needed to post a bond for appellate costs, and in beginning judgment enforcement. This total reflects the reduced rate that our client actually paid and does not include several thousand dollars of costs. If we have to file a motion for attorneys' fees, then we will seek fees at the higher hourly rate that the court awarded previously. Our client is open to payment over time; feel free to propose a payment plan. I hope we can resolve this. Otherwise, in addition to seeking a higher hourly rate, we will seek attorney fees and costs related to drafting the motion for attorney fees and costs.

Please also note: Try Excellence cannot appear in court without an attorney. So if we were to file an attorney fees  motion, Try Excellence would either have to hire an attorney or default. This is another reason it would make sense for you to resolve the attorney fees issue without further motions practice.

Thank you,
Cliff

---

**From:** Davidson, Clifford
**Sent:** Tuesday, February 18, 2025 4:49 PM
**To:** 'drholt@tryxcellence.com' <drholt@tryxcellence.com>
**Cc:** Eyman, Drew <deyman@swlaw.com>; Langlois, Jennifer <jlanglois@swlaw.com>
**Subject:** RE: 24-633 and 24-5017 - Holt v. Urban League of Portland, et al.

Hello, Dr. Holt. Thank you for reaching out. Our client, The Urban League of Portland, is entitled to move for attorney fees and costs incurred in opposing the appeal, in moving the trial court for a costs bond, and in attempting to collect on the attorney fees judgment in the trial court—that is, everything that ULPDX incurred other than what was included in the attorney fees judgment you paid. We plan to file a motion for an award of those attorney fees and costs. There is a court rule that allows us to ask the Ninth Circuit Court of Appeals to transfer that attorney fees/costs motion to the trial court for consideration. We have filed that transfer motion and soon will file the attorney fees motion.

Prior to filing the attorney fees motion, we will be in touch to see if we can reach a resolution of that motion. To that end, it would benefit all parties, I think, if ULPDX could have an additional 14 days to file the motion and see if we can't resolve it. We would be happy to extend that same extension to you. Please let us know if this extension is acceptable.

Please note that we cannot provide legal advice or explain further what is happening. Notwithstanding Mr. Cauble's withdrawal, you might want to retain counsel.

Thank you,
Cliff

---

**From:** Langlois, Jennifer <jlanglois@swlaw.com>
**Sent:** Tuesday, February 18, 2025 4:41 PM

Exhibit 9
Page 1 of 3

**To:** Davidson, Clifford <csdavidson@swlaw.com>; Eyman, Drew <deyman@swlaw.com>
**Subject:** FW: 24-633 and 24-5017 - Holt v. Urban League of Portland, et al.

---

**From:** Steven Holt <drholt@tryxcellence.com>
**Sent:** Tuesday, February 18, 2025 4:20 PM
**To:** Langlois, Jennifer <jlanglois@swlaw.com>
**Subject:** Re: 24-633 and 24-5017 - Holt v. Urban League of Portland, et al.

**[EXTERNAL]** drholt@tryxcellence.com

Jennifer,

Thanks for the correspondence. I do not understand the action regarding an appeal. This process was halted and there is no appeal or action of appeal. Who do I need to speak with regarding this?

Dedicated to Excellence,

Dr. Steven Holt
Try Excellence, LLC
p. 360-513-5604

On Mon, Feb 17, 2025 at 4:39 PM Langlois, Jennifer <jlanglois@swlaw.com> wrote:

Good afternoon,

Please see attached, which were filed with the Court of Appeals today, and which will also be served upon you via first class mail. Thank you.

**Jennifer Langlois** (she/her/hers)
Legal Administrative Assistant to Clifford S. Davidson | Drew Eyman | Lea K. Schneider | Mackenzie Wong

**O:** 971.213.1068
jlanglois@swlaw.com

**SNELL
& WILMER**
swlaw.com | LinkedIn

601 SW 2nd Avenue | Suite 2000 | Portland, OR 97204

2

Exhibit 9
Page 2 of 3

Albuquerque | Boise | Dallas | Denver | Las Vegas | Los Angeles | Los Cabos | Orange County | Phoenix | Portland | Reno | Salt Lake City | San Diego | Seattle | Tucson | Washington, D.C.

This email and any attachments may be confidential and protected by legal privilege. If you have received this message in error, please do not disclose the contents to anyone. Please notify the sender by return email and delete this email as well as any attachments from your system.

Exhibit 9
Page 3 of 3

Clifford S Davidson, OSB No. 125378
csdavidson@swlaw.com
Marsha Cotton, *pro hac vice*
mcotton@swlaw.com
SNELL & WILMER L.L.P.
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
Telephone:  503.624.6800
Attorneys for Defendants The Urban League of
Portland, Inc., Nkenge Harmon Johnson (erroneously
sued as "Nkenge Harmon-Johnson"), Karis Stoudemire-
Phillips, Dr. James Mason, and Sean Murray

## UNITED STATES DISTRICT COURT
## DISTRICT OF OREGON
## PORTLAND DIVISION

| | |
|---|---|
| STEVEN HOLT, an individual, and TRY EXCELLENCE, LLC, an Oregon Domestic limited liability company, | Case No. 3:22-cv-837-YY |
| Plaintiffs, | DECLARATION OF MARSHA COTTON |
| vs. | |
| THE URBAN LEAGUE OF PORTLAND, INC., an Oregon Domestic non-profit corporation; NKENGE HARMON-JOHNSON, individually and as President and CEO of THE URBAN LEAGUE OF PORTLAND, INC.; MICHAEL LEWELLEN, individually and as Board Chairman of THE URBAN LEAGUE OF PORTLAND, INC.; KARIS STOUDAMIRE-PHILLIPS, individually and as a Board Member of THE URBAN LEAGUE OF PORTLAND, INC.; JAMES MASON, individually and as a Board Member of THE URBAN LEAGUE OF PORTLAND, INC.; SEAN MURRAY, individually and as a Board Member of THE URBAN LEAGUE OF PORTLAND, INC.; NATIONAL URBAN LEAGUE, INC., a New York Domestic not-for-profit corporation; MARC MORIAL, individually and as President and CEO of NATIONAL URBAN LEAGUE, INC.; and TINA PIZZIMENTI, individually and as the Chief of Staff to CEO Defendant Morial of Defendant NATIONAL URBAN LEAGUE, | |
| Defendants. | |

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

EXHIBIT 10
Page 1 of 5

## <u>DECLARATION OF MARSHA COTTON</u>

I, Marsha Cotton, declare as follows:

1.    My firm and I are counsel of record to the Portland Defendants in this action. I am over 18 years of age. I have personal knowledge of the facts and matters set forth in this declaration. If called upon to do so, I would testify truthfully as follows.

2.    I am a commercial litigator located in Snell & Wilmer's Phoenix office. I graduated from the Arizona State University Sandra Day O'Connor College of Law in 2018, where I received the Dean's Award. I have clerked for both the U.S. District Court for the District of Arizona, and the Arizona State Court of Appeals. I am listed in Best Lawyers, Ones to Watch, for 2024.

3.    Attached hereto as <u>Exhibit 8</u> is a true and correct copy of my biography on my law firm's website. Exhibit 8 is available at https://www.swlaw.com/people/marsha_cotton. The contents of Exhibit 8 are accurate.

I declare under penalty of perjury that the foregoing is true and correct, and that I executed this document on January 23, 2024, at Phoenix, Arizona.


     */s/ Marsha Cotton*

4867-9129-7439

Page 1 – COTTON DECLARATION

Snell & Wilmer
601 SW 2nd Avenue, Suite 2000
Portland, Oregon 97204
503.624.6800

EXHIBIT 10
Page 2 of 5

# Snell & Wilmer



## Marsha Cotton

**Associate | Phoenix**

Tel. 602.382.6598
mcotton@swlaw.com

## Main Bio

Marsha Cotton has a multifaceted commercial litigation practice that includes advising clients on all aspects of risk assessment and dispute resolution. She regularly represents clients in all phases of litigation, including appeals.

Prior to joining Snell & Wilmer, Marsha served as a judicial law clerk at the Arizona State Court of Appeals, Division I and the U.S. District Court, District of Arizona.

Marsha is also dedicated to serving the community and maintains an active pro bono practice in which she provides a variety of legal services to clients who do not have the resources to pay customary legal fees.

## Representative Experience

- Defended international non-profit organization affiliate in UCC-based breach of contract dispute
- Defended marijuana dispensary owners in corporate governance dispute
- Defended Fortune 500 health care organization concerning allegations of federal employment law violations
- Defended national parcel logistics company concerning allegations of state and federal employment law violations
- Defended national health care organization with respect to allegations of corporate negligence and medical malpractice
- Represented national online travel companies seeking special action review before the Arizona State Court of Appeals and Arizona State Supreme Court
- Represented hotel resort in petitioning the Arizona Supreme Court to review issues related to state and local tax interpretations
- Represented international HVAC company regarding claims of intellectual property misappropriation
- Defended national HVAC and refrigeration company in breach of contract dispute
- Defended multiple resort companies during regulatory disputes with state and tribal government agencies
- Counseled international musical instrument company in restructuring service agreement terms to help provide a safer environment as a result of the COVID-19 pandemic
- Counseled national material handling company regarding its efforts to create a standardized waiver and release of liability agreement

Exhibit 8
Page 1 of 3
EXHIBIT 10
Page 3 of 5

- Represented golf cart manufacturer concerning breach of contract dispute
- Advised multiple international gaming companies on compliance with Arizona's sports betting, lottery, and games of chance laws
- Represented individuals in probate matters related to quiet title actions
- Represented minor as pro bono counsel before a federal immigration court

## Education

- Arizona State University, Sandra Day O'Connor College of Law (J.D., 2018)
  - Class of 2018 Dean's Award
  - William H. Pedrick Scholar
  - Associate Editor, Sports and Entertainment Law Journal
- The University of Oklahoma, (M.Ed., 2015)
- Southern Nazarene University (B.S., *magna cum laude*, 2013)
  - 2013 NCCAA Women's Basketball National Championship Team

## Professional Memberships & Activities

- National Bar Association
- Federal Bar Association, Phoenix Chapter
- Arizona Black Bar
- Arizona Women Lawyers Association

## Representative Presentations & Publications

- "[Gambling Laws and Regulations USA - Arizona 2024]()," Co-Author, Global Legal Group (December 2023)

## Professional Recognition & Awards

- The Best Lawyers in America®: Ones to Watch, Commercial Litigation, Corporate Governance and Compliance Law (2024)
- Arizona Bar Foundation Top Pro Bono Attorney of the Year (2022)
- Community Legal Services Volunteer Lawyer's Program Remote Service Team Member of the Year (2021)

## Community Involvement

- Dress for Success Phoenix
  - Volunteer (2018-Present)
- U.S. Young African Leadership Initiative Mandela Washington Fellowship
  - Volunteer Mentor (2019-Present)

## Previous Professional Experience

- U.S. District Court, District of Arizona, Judicial Law Clerk
- Arizona Court of Appeals, Division I, Judicial Law Clerk

Exhibit 8
Page 2 of 3

EXHIBIT 10
Page 4 of 5

- U.S. Bankruptcy Court, District of Arizona, Judicial Extern
- Quarles & Brady, LLP, Legal Writing Intern
- Arizona State University Office of General Counsel, Extern

## Bar Admissions

- Arizona

## Court Admissions

- Supreme Court of Arizona
- United States District Court, District of Arizona

Exhibit 8
Page 3 of 3
EXHIBIT 10
Page 5 of 5

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

STEVEN HOLT, an individual, and TRY
EXCELLENCE, LLC, an Oregon Domestic
limited liability company,

        Plaintiffs,

    v.

THE URBAN LEAGUE OF PORTLAND,
INC., an Oregon Domestic non-profit
corporation; NKENGE HARMON-JOHNSON,
individually and as President and CEO of THE
URBAN LEAGUE OF PORTLAND, INC.;
MICHAEL LEWELLEN, individually and as
Board Chairman of THE URBAN LEAGUE OF
PORTLAND, INC.; KARIS STOUDAMIRE-
PHILLIPS, individually and as a Board Member
of THE URBAN LEAGUE OF PORTLAND,
INC.; JAMES MASON, individually and as a
Board Member of THE URBAN LEAGUE OF
PORTLAND, INC.; SEAN MURRAY,
individually and as a Board Member of THE
URBAN LEAGUE OF PORTLAND, INC.;
NATIONAL URBAN LEAGUE, INC., a New
York Domestic not-for-profit corporation;
MARC MORIAL, individually and as President
and CEO of NATIONAL URBAN LEAGUE,
INC.; and TINA PIZZIMENTI, individually and
as the Chief of Staff to CEO Defendant Morial
of Defendant NATIONAL URBAN LEAGUE,

        Defendants.

Case No. 3:22-cv-00837-YY

FINDINGS AND
RECOMMENDATIONS

1 – FINDINGS AND RECOMMENDATIONS

EXHIBIT 11
Page 1 of 8

## FINDINGS

After successfully defeating plaintiff Steven Holt's[1] defamation suit via an "anti-SLAPP"

special motion to strike under O.R.S. 31.150, defendant The Urban League of Portland, Inc.

("ULPDX") now moves for attorney fees and costs, specifically $93,918 in attorney fees and

$402 in costs associated with removing the case to federal court. *See* Mot. Attorney Fees 8, ECF

106; Reply 7, ECF 112.

Attorney fee awards in federal actions brought under state law are a substantive matter to

which state law applies. *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 809 (9th Cir. 2018); *In*

*re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838 (9th Cir. 2001). Here, O.R.S. 31.152(3)

provides that a "defendant who prevails on a special motion to strike made" under O.R.S. 31.150

"shall be awarded reasonable attorney fees and costs." Defendant prevailed on its motion to

strike, so attorney fees and costs are mandatory. *See Ard v. Oregon State Bar*, No. 3:20-cv-

02143-JR, 2021 WL 3852191, at *1 (D. Or. Aug. 11, 2021), *report and recommendation*

*adopted,* No. 3:20-cv-02143-JR, 2021 WL 3849706 (D. Or. Aug. 27, 2021). To determine a

reasonable fee award under O.R.S. 31.152(3), the factors provided in O.R.S. 20.075 must be

considered. *Biggar v. Oregon Bd. of Optometry*, No. 3:17-cv-00714-MO, 2018 WL 2244704, at

*1 (D. Or. May 16, 2018) (citing *Robinson v. DeFazio*, 284 Or. App. 98, 103 (2017)). O.R.S.

20.075 "requires courts to undertake a two-part inquiry when assessing the amount of attorney

fees to be awarded in a case such as this one where attorney fees are required by statute." *Id.*

First, the court must consider:

---

[1] Although both plaintiff Holt and plaintiff Try Excellence, LLC are named in the complaint, the
relevant facts underlying the alleged claims are identical and the legal analysis is the same for
each plaintiff. Thus, these Findings and Recommendations use the singular "plaintiff" for clarity
as a collective reference for both plaintiffs.

2 – FINDINGS AND RECOMMENDATIONS

EXHIBIT 11
Page 2 of 8

(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

(b) The objective reasonableness of the claims and defenses asserted by the parties.

(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

(g) The amount that the court has awarded as a prevailing party fee under O.R.S. 20.190.

(h) Such other factors as the court may consider appropriate under the circumstances of the case.

O.R.S. 20.075(1). Second, the court must consider:

(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

(c) The fee customarily charged in the locality for similar legal services.

(d) The amount involved in the controversy and the results obtained.

(e) The time limitations imposed by the client or the circumstances of the case.

(f) The nature and length of the attorney's professional relationship with the client.

(g) The experience, reputation and ability of the attorney performing the services.

(h) Whether the fee of the attorney is fixed or contingent.

(i) Whether the attorney performed the services on a pro bono basis or the award of attorney fees otherwise promotes access to justice.

O.R.S. 20.075(2); *see also Biggar*, 2018 WL 2244704 at *1–*2.

The first set of factors, which generally analyze the merits of the litigation and the attorney's conduct during it, supports defendant's requested amount of fees. It was clear early on that the merits of plaintiff's defamation claim were tenuous at best. *See* O.R.S. 20.075(1)(b). The

3 – FINDINGS AND RECOMMENDATIONS

EXHIBIT 11
Page 3 of 8

emails attached to defendant's special motion to strike made clear that there had, in fact, been a

harassment complaint lodged against plaintiff. *See* Def. Mot. Strike 3–4, ECF 35. Thus, the key

issue in plaintiff's case—whether defendant's statement that plaintiff had been the subject of a

harassment complaint was false—was doomed from the start. An award of fees here would deter

future plaintiffs from asserting similarly meritless claims. *See* O.R.S. 20.075(1)(d).

Furthermore, plaintiff expanded the scope of the litigation by refusing to concede that

Oregon's anti-SLAPP statute applied to this case because it is one of "public interest" and he is a

"public figure." *See* Resp. Mot. Strike 9–12, ECF 71; *see also* O.R.S. 20.075(1)(a). Plaintiff's

own allegations even reflected both elements; specifically, plaintiff alleged that he was well-

known throughout Portland African-American community and he was prominently involved in a

"high profile" event about the I-5 corridor construction project. *See* Findings and

Recommendations (Sept. 28, 2023) 8–12, ECF 91. This was especially true given the broad

interpretation that courts have given to the "public interest" requirement in Oregon anti-SLAPP

statute. *See Dossett v. Ho-Chunk, Inc.*, 472 F. Supp. 3d 900, 908 (D. Or. 2020) ("The term

'public interest' includes any issue in which the public is interested, and the issue need not be

significant to be protected.") (internal quotation marks omitted). Additionally, plaintiff's counsel

did not file a declaration that included a transcript of the meeting at which plaintiff allegedly

harassed a ULPDX employee until after the briefing on defendant's motion to strike was already

completed, despite having access to a video recording of the meeting for months. *See* Holt Decl.,

ECF 86. This required defendant to expend additional resources in drafting a motion to strike

that untimely submission. *See* O.R.S. 20.075(1)(e). And apparently plaintiff never meaningfully

engaged in any settlement discussions. *See* Mot. Attorney Fees 6, ECF 106; O.R.S. 20.075(1)(f).

EXHIBIT 11
Page 4 of 8

The second set of factors, which generally looks to the skill and experience of the attorneys, and other circumstances surrounding the attorneys' representation of the client involved in the case, also support defendant's requested fees. Defense counsel Clifford Davidson's hourly rate of $525 is reasonable based on his 18 years of experience in corporate litigation where the median hourly rate for downtown Portland lawyers is $495 per hour in inflation-adjusted dollars, especially considering his specialty in anti-SLAPP litigation. *See* O.R.S. 20.075(2)(c), (g); Davidson Decl. ¶ 3, ECF 107; *id.*, Ex. 1 at 4, ECF 107-1 ("OSB Economic Survey"); *see also Don't Shoot Portland v. City of Portland*, No. 3:20-cv-00917-HZ, 2023 WL 6213352, at *3 (D. Or. Sept. 24, 2023) (finding that hourly rate of $525 was reasonable because the attorney's time spent on the case "was directly related to her expertise in complex class actions"). Defense counsel Marsha Cotton's hourly rate of $425 is also reasonable for a lawyer with her six years of experience because it is below the median rate for downtown Portland business and corporate litigators ($450 per hour) and below the 95th percentile of all lawyers in downtown Portland with four to six years of experience. *See* Davidson Decl., Ex. 1 at 2–4, ECF 107-1. The Oregon State Bar Economic Survey is the typical starting point for evaluating the reasonableness of attorney fees in a case like this one. *See* Local Rule 54-3 Practice Tip ("[T]he Court requests that fee petitions address the Economic Survey and provide justification for requested hourly rates higher than reported by the Survey."); *Roberts v. Interstate Distrib. Co.,* 242 F.Supp.2d 850, 857 (D. Or. 2002) (explaining that in determining a reasonable hourly rate, the District of Oregon uses the OSB Economic Survey "as an initial benchmark"). Plaintiff's reference to data from a study published by a private company, Clio, that reported attorney hourly rates for Oregon as a whole and does not include downtown Portland-specific information, and is based on a limited survey of lawyers that use Clio's

5 – FINDINGS AND RECOMMENDATIONS

EXHIBIT 11
Page 5 of 8

software, is not a persuasive reason to depart from the OSB Economic Survey. *See* Objs. 3, ECF 111; *see also In re PersonalWeb Techs., LLC*, No. 5:18-cv-00767-BLF, 2023 WL 8701304, at *11 (N.D. Cal. Dec. 15, 2023) (rejecting use of Clio survey for determining reasonable rate because it reported state-wide rates and not those specific to the Northern District of California).

The overall number of attorney hours spent is reasonable, especially considering plaintiff made decisions at several junctures that increased the time and cost necessary to defend against his claims. *See* O.R.S. 20.075(2)(a). As mentioned above, plaintiff refused to concede the "public interest" and "public figure" issues despite the allegations in the complaint to that effect and the very liberal interpretation that courts have given in defining what constitutes "public interest" under Oregon's anti-SLAPP statute. Plaintiff insisted on conducting discovery despite having been provided the email from the ULPDX employee who lodged the harassment complaint against plaintiff that foreclosed his defamation claim. *See* Mot. Attorney Fees 6, ECF 106; Reply 3–4, ECF 112. And in his response to the motion to strike, plaintiff never directly addressed the legal significance of this email vis-à-vis his defamation claim and instead raised ancillary and largely irrelevant issues that did not bear on whether defendant's alleged statement—that a ULPDX employee had lodged a harassment complaint against plaintiff—was true. *See*, *e.g.*, Pl. Resp. Mot. Strike 15, ECF 71 (arguing that because the harassment complaint by the ULPDX employee "did not include any unwanted touching or sexual conduct," that somehow showed that defendant's intentions in disclosing the complaint was malicious).

The approximately $90,000 in fees is reasonable in proportion to the $7,000,000 in damages that plaintiff sought in this case, and defendant's counsel achieved full dismissal of the case. *See* O.R.S. 20.075(2)(d). Furthermore, because defendant is a non-profit organization, defense counsel charged a below-market rate and took the case on a partial contingency basis

whereby they would be paid if defendant prevailed. *See* O.R.S. 20.075(2)(h); Mot. Attorney Fees 7, ECF 106. The requested award promotes access to justice and is consistent with the remedial nature of the statute because it encourages attorneys experienced in anti-SLAPP litigation to represent organizations and individuals on a contingent basis or at a reduced rate. *See* O.R.S. 20.075(2)(i)

Plaintiff generally objects to defendant's claim for nearly $5,000 in electronic research costs, but does not provide any specific argument or analysis why any particular charge was unreasonable or excessive. *See* Objs. 5, ECF 111. Thus, any objection on these grounds is meritless, especially given the other circumstances explained above about the objective weakness of plaintiff's claims and how this case was litigated.

Finally, the requested $4,200 in fees incurred in preparing the motion for attorney fees and the reply in support of it is reasonable, especially considering that plaintiff's counsel apparently did not respond to defense counsel's attempts to agree on an amount of fees—which are mandatory under Oregon's anti-SLAPP statute—in lieu of motions practice. *See* Mot. Attorney Fees 7–8, ECF 106; Reply 7, ECF 112.

## RECOMMENDATIONS

Defendant Urban League of Portland, Inc.'s Motion for Attorney Fees and Costs [106] in the amount of $94,320, consisting of $93,918 in attorney fees and $402 in costs, should be granted.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Friday, June 07, 2024. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

7 – FINDINGS AND RECOMMENDATIONS

EXHIBIT 11
Page 7 of 8

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED May 22, 2024.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**STEVEN HOLT, and TRY**
**EXCELLENCE, LLC,**

                    Plaintiffs,                                    No. 3:22-cv-00837-YY

          v.                                                       OPINION AND ORDER

**URBAN LEAGUE OF PORTLAND, INC.,**
**NKENGE HARMON-JOHNSON,**
**MICHAEL LEWELL, KARIS**
**STOUDAMIRE-PHILLIPS, JAMES**
**MASON, and SEAN MURRAY,**

                    Defendants.

**MOSMAN, J.,**

On May 22, 2024, Magistrate Judge Youlee Yim You issued her Findings and
Recommendation ("F&R") [ECF 114] recommending that I grant Defendants Urban League of
Portland, Inc.'s motion for Attorney Fees and Costs [ECF 106] in the amount of $94,320,
consisting of $93,918 in attorney fees and $402 in costs. Plaintiff filed Objections on June 7, 2024
[ECF 116], to which Defendants responded [ECF 118]. Defendants did not file any objections.

Upon review, I agree with Judge You. I GRANT Defendants' Motion for Attorney Fees
and Costs.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may
file written objections. The court is not bound by the recommendations of the magistrate judge but
retains responsibility for making the final determination. The court is generally required to make

1 – OPINION AND ORDER

Exhibit 12
Page 1 of 3

a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

State law applies to attorney fee awards in federal actions brought under state law. *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 809 (9th Cir. 2018). A defendant who prevails on a special motion to strike "shall be awarded reasonable attorney fees and costs." Or. Rev. Code § 31.152(3). Because Defendants here prevailed on their motion, they are entitled to reasonable attorney fees and costs. Courts must consider a number of facts to determine a reasonable fee award, including the conduct of the parties, the diligence of the parties in pursuing settlement, and the amount involved in the controversy. Or. Rev. Code § 20.075(1)–(2).

2 – OPINION AND ORDER

Exhibit 12
Page 2 of 3

**CONCLUSION**

Upon review, I agree with Judge You's recommendation, and I ADOPT the F&R [ECF 114] as my own opinion. The Motion for Attorney Fees and Costs [ECF 106] is GRANTED. I award Defendants $98,918 in attorney fees and $402 in costs. I further award Defendants an additional $2,362 in attorney fees for their work drafting their response to Plaintiff's objections.

IT IS SO ORDERED.

DATED August 5th, 2024.

MICHAEL W. MOSMAN
Senior United States District Judge

3 – OPINION AND ORDER

Exhibit 12
Page 3 of 3

## Certificate of Service

I hereby certify that on February 25, 2025, I electronically filed

**DECLARATION OF CLIFFORD S. DAVIDSON IN SUPPORT OF**

**APPELLEE'S REQUEST FOR ATTORNEY FEES** with the Clerk of

the Court for the United States Court of Appeals for the Ninth Circuit

by using the appellate CM/ECF system. On the same date, I served the

same document upon the following via email and first class mail,

postage prepaid, as addressed below:

Dr. Steven Holt, Sr.
1801 NE 87th Circle
Vancouver, WA 98682
drholt@tryxcellence.com


*/s/ Jennifer Langlois*
An Employee of Snell & Wilmer L.L.P.


4905-0202-2687

6

No. 24-633

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STEVEN HOLT, an individual, et al.,

Plaintiffs - Appellants,

vs.

URBAN LEAGUE OF PORTLAND, INC., an Oregon Domestic
non-profit corporation, et al.,

Defendants - Appellees.

On Appeal from an Order of the
United States District Court for the District of Oregon
Case No.: 3:22-cv-0837-YY | Honorable Michael W. Mosman

## DECLARATION OF DREW EYMAN IN SUPPORT OF
## APPELLEE'S REQUEST FOR ATTORNEY FEES

Clifford S. Davidson
Oregon Bar No. 125378
Drew L. Eyman
Oregon Bar No. 163762
SNELL & WILMER L.L.P.
601 SW Second Avenue
Suite 2000
Portland, OR 97204
csdavidson@swlaw.com
deyman@swlaw.com
Telephone: (503) 624-6800
Facsimile: (503) 624-6888

# DECLARATION OF DREW EYMAN

I, Drew Eyman, declare as follows:

1.     My firm is counsel of record to the defendants-appellees in this action. I am over 18 years of age. I have personal knowledge of the facts and matters set forth in this declaration. If called upon to do so, I would testify truthfully as follows.

2.     I am a commercial litigator and appellate attorney in Snell & Wilmer's Portland office. I regularly work on speech related matters including anti-SLAPP, First Amendment, and defamation. I graduated from Boston University School of Law in 2016 and clerked at the Oregon Supreme Court. I am listed in Best Lawyers, Ones to Watch, for 2024-2025, and am listed in Oregon Super Lawyers, Rising Stars Edition for 2021-2024.

3.     Attached hereto as Exhibit 1 is a true and correct copy of my bio on my law firm's website. Exhibit 1 is also available at https://www.swlaw.com/people/drew_eyman/.

4.     I reviewed my time entries regarding appellee's request for attorney fees, which show that I spent at least 12.30 hours preparing those materials.

1

I declare under penalty of perjury that the foregoing is true and correct, and that I executed this document on February 25, 2025, at Portland, Oregon.

*s/ Drew Eyman*
Drew Eyman

**SNELL & WILMER**



# Drew L. Eyman

Associate  |  Portland

971.213.1070

deyman@swlaw.com

## Biography

Drew Eyman is an associate in the firm's commercial litigation practice group. His practice focuses on complex litigation and appeals for clients in a broad range of industries in federal and state courts. He has experience in matters involving breach of contract, fraud, anti-SLAPP, defamation, and First Amendment matters.

Prior to joining Snell & Wilmer, Drew clerked for Justice Rives Kistler at the Oregon Supreme Court.

## Credentials

### Bar Admissions

- Oregon
- Washington

### Court Admissions

- Supreme Court of Oregon
- Supreme Court of Washington
- United States Court of Appeals, Ninth Circuit
- United States District Court, District of Oregon

### Education

- Boston University School of Law (J.D., *cum laude*)
- University of Oregon (B.S., Political Science, *cum laude*)

## Experience

Exhibit 1
Page 1 of 3

SNELL
& WILMER

## Awards & Recognition

- The Best Lawyers in America®: Ones to Watch,
  - Commercial Litigation (2024-2025)
- Snell & Wilmer Pro Bono Award (2023)
- Oregon Super Lawyers®, Rising Stars Edition, Business Litigation (2021-2024)

## Representative Experience

**Appeals**

- Represented corporations in Oregon Court of Appeals regarding a challenge to an administrative rule.
- Represented individual in Ninth Circuit Court of Appeals regarding First Amendment issue.
- Filed amicus brief in Oregon Supreme Court on behalf of individuals and non-profit corporation regarding the meaning of a term in the Oregon Constitution
- Represented non-profit corporation in Ninth Circuit Court of Appeals regarding an issue of qualified immunity
- Represented intergovernmental entity in Oregon Court of Appeals regarding lawsuit seeking declaration that certain practices violate state law

**Litigation**

- Defended individual against defamation claim brought by local government officials by bringing an anti-SLAPP motion on defendant's behalf.
- Defended national bank against a UCC 4A claim.
- Represented member of limited liability company in dispute concerning the operating agreement
- Defended cannabis dispensaries sued in federal civil RICO action
- Represented large car dealership in breach of contract dispute
- Represented non-profit corporation in lawsuit for breach of contract
- Defended municipality against tort claim

## Previous Professional Experience

- Sussman Shank LLP, Associate Attorney (2018-2021)
- Hart Wagner LLP, Associate Attorney (2017-2018)
- Oregon Supreme Court, Law Clerk to the Honorable Rives Kistler (2016-2017)

## Professional Memberships and Activities

- Oregon State Bar, Appellate Practice Section Executive Committee (2025-present)
- Multnomah Bar Association, Young Lawyers Section
  - Pro Bono Committee (2019-2021)

Exhibit 1
Page 2 of 3

SNELL
& WILMER

- Service to the Public Committee (2017-2019)
- Campaign for Equal Justice, Associates Committee (2019-present)

## Community Involvement

- Classroom Law Project "We the People" Competition at Franklin High School, Coach (2017-Present)

Exhibit 1
Page 3 of 3

## Certificate of Service

I hereby certify that on February 25, 2025, I electronically filed

**DECLARATION OF DREW EYMAN IN SUPPORT OF**

**APPELLEE'S REQUEST FOR ATTORNEY FEES** with the Clerk of

the Court for the United States Court of Appeals for the Ninth Circuit

by using the appellate CM/ECF system. On the same date, I served the

same document upon the following via email and first class mail,

postage prepaid, as addressed below:

Dr. Steven Holt, Sr.
1801 NE 87th Circle
Vancouver, WA 98682
drholt@tryxcellence.com


*/s/ Jennifer Langlois*
An Employee of Snell & Wilmer L.L.P.


4918-5376-7967

No. 24-633

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**STEVEN HOLT, an individual, et al.,**

**Plaintiffs - Appellants,**

**vs.**

**URBAN LEAGUE OF PORTLAND, INC., an Oregon Domestic non-profit corporation, et al.,**

**Defendants - Appellees.**

On Appeal from an Order of the
United States District Court for the District of Oregon
Case No.: 3:22-cv-0837-YY | Honorable Michael W. Mosman

## DECLARATION OF JENNA TEENY IN SUPPORT OF APPELLEE'S REQUEST FOR ATTORNEY FEES

Clifford S. Davidson
Oregon Bar No. 125378
Drew L. Eyman
Oregon Bar No. 163762
SNELL & WILMER L.L.P.
601 SW Second Avenue
Suite 2000
Portland, OR 97204
csdavidson@swlaw.com
deyman@swlaw.com
Telephone: (503) 624-6800
Facsimile: (503) 624-6888

## <u>DECLARATION OF JENNA TEENY</u>

I, Jenna Teeny, declare as follows:

1.     My firm is counsel of record to the defendants-appellees in this action. I am over 18 years of age. I have personal knowledge of the facts and matters set forth in this declaration. If called upon to do so, I would testify truthfully as follows.

2.     I am a first-year attorney in Snell & Wilmer's Portland office. I was admitted to practice in Oregon in October 2024 after graduating from the University of Oregon School of Law in 2024. I previously externed with the Honorable Mary K. Dimke of the United States District Court for the Eastern District of Washington.

3.     Attached hereto as <u>Exhibit 1</u> is a true and correct copy of my bio on my law firm's website. Exhibit 1 is also available at https://www.swlaw.com/people/jenna-teeny/.

4.     I reviewed my time entries regarding appellee's request for attorney fees which show that I spent 5.20 hours preparing those materials.

1

I declare under penalty of perjury that the foregoing is true and correct, and that I executed this document on February 25, 2025, at Portland, Oregon.

_s/ Jenna Teeny_
Jenna Teeny

SNELL
& WILMER



# Jenna Teeny

## Associate  |  Portland

971.213.2866

jteeny@swlaw.com

## Biography

Jenna Teeny is an associate in the firm's commercial finance practice group.

## Credentials

Bar Admissions

- Oregon

Court Admissions

- Supreme Court of Oregon
- United States District Court, District of Oregon

Education

- University of Oregon School of Law (J.D.)
    - Research Assistant for Professors Garett Epps (Constitutional Law) and Katrina Robinson (Legal Research and Writing)
    - Expert Learning Tutor – Academic Excellence Program
    - Vice President and Co-Founder, University of Oregon Federalist Society
- Purdue University (B.A., History, Minor in Classics)

## Experience

Previous Professional Experience

- Snell & Wilmer, Summer Associate (2023)
- United States District Court, Eastern District of Washington, Judicial Extern to the Honorable Mary K. Dimke (2022)
- Connections 365, Direct Care Staff (2020-2021)

Exhibit 1
Page 1 of 2

- Tafapolsky Smith Mehlman, LLP, Paralegal, Immigration Law (2016-2018)
- Fragomen, Del Rey, Bernsen & Loewy, LLP, Paralegal, Immigration Law (2016-2018)
- Delaware County Public Defender's Office, Legal Intern (2016)

## Professional Memberships and Activities

- Oregon State Bar
    - Business Section, Member (2024-Present)
    - Agricultural Law Section, Member (2024-Present)
    - Real Estate & Land Use Section, Member (2024-Present)
- Federalist Society, Portland Chapter, Member (2024-Present)

Exhibit 1
Page 2 of 2

## Certificate of Service

I hereby certify that on February 25, 2025, I electronically filed

**DECLARATION OF JENNA TEENY IN SUPPORT OF**

**APPELLEES' REQUEST FOR ATTORNEY FEES** with the Clerk of

the Court for the United States Court of Appeals for the Ninth Circuit

by using the appellate CM/ECF system. On the same date, I served the

same document upon the following via email and first class mail,

postage prepaid, as addressed below:

Dr. Steven Holt, Sr.
1801 NE 87th Circle
Vancouver, WA 98682
drholt@tryxcellence.com


*/s/ Jennifer Langlois*
An Employee of Snell & Wilmer L.L.P.


4904-7666-0767

No. 24-633

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STEVEN HOLT, an individual, et al.,

Plaintiffs - Appellants,

vs.

URBAN LEAGUE OF PORTLAND, INC., an Oregon Domestic
non-profit corporation, et al.,

Defendants - Appellees.

On Appeal from an Order of the
United States District Court for the District of Oregon
Case No.: 3:22-cv-0837-YY | Honorable Michael W. Mosman

## DECLARATION OF NICOLE WHITNEY IN SUPPORT OF
## APPELLEE'S REQUEST FOR ATTORNEY FEES

Clifford S. Davidson
Oregon Bar No. 125378
Drew L. Eyman
Oregon Bar No. 163762
SNELL & WILMER L.L.P.
601 SW Second Avenue
Suite 2000
Portland, OR 97204
csdavidson@swlaw.com
deyman@swlaw.com
Telephone: (503) 624-6800
Facsimile: (503) 624-6888

## <u>DECLARATION OF NICOLE WHITNEY</u>

I, Nicole Whitney, declare as follows:

1.     My firm is counsel of record to the defendants-appellees in this action. I am over 18 years of age. I have personal knowledge of the facts and matters set forth in this declaration. If called upon to do so, I would testify truthfully as follows.

2.     I am a paralegal in Snell & Wilmer's Tucson office, and I have over 17 years of experience in such a role.

3.     My time entries appear on page 5 of Davidson Exhibit 5. My rate in this matter was $285.

I declare under penalty of perjury that the foregoing is true and correct, and that I executed this document on February 24, 2025, at Tucson, Arizona.

*s/ Nicole Whitney*
Nicole Whitney

## Certificate of Service

I hereby certify that on February 25, 2025, I electronically filed

**DECLARATION OF NICOLE WHITNEY IN SUPPORT OF**

**APPELLEE'S REQUEST FOR ATTORNEY FEES** with the Clerk of

the Court for the United States Court of Appeals for the Ninth Circuit

by using the appellate CM/ECF system. On the same date, I served the

same document upon the following via email and first class mail,

postage prepaid, as addressed below:

Dr. Steven Holt, Sr.
1801 NE 87th Circle
Vancouver, WA 98682
drholt@tryxcellence.com


*/s/ Jennifer Langlois*
An Employee of Snell & Wilmer L.L.P.


4914-5812-6879

No. 24-633

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

**STEVEN HOLT, an individual, et al.,**

**Plaintiffs - Appellants,**

**vs.**

**URBAN LEAGUE OF PORTLAND, INC., an Oregon Domestic non-profit corporation, et al.,**

**Defendants - Appellees.**

On Appeal from an Order of the
United States District Court for the District of Oregon
Case No.: 3:22-cv-0837-YY | Honorable Michael W. Mosman

## DECLARATION OF LISA HILLAS IN SUPPORT OF APPELLEE'S REQUEST FOR ATTORNEY FEES

Clifford S. Davidson
Oregon Bar No. 125378
Drew L. Eyman
Oregon Bar No. 163762
SNELL & WILMER L.L.P.
601 SW Second Avenue
Suite 2000
Portland, OR 97204
csdavidson@swlaw.com
deyman@swlaw.com
Telephone: (503) 624-6800
Facsimile: (503) 624-6888

## <u>DECLARATION OF LISA HILLAS</u>

I, Lisa Hillas, declare as follows:

1.    My firm is counsel of record to the defendants-appellees in this action. I am over 18 years of age. I have personal knowledge of the facts and matters set forth in this declaration. If called upon to do so, I would testify truthfully as follows.

2.    I am a paralegal in Snell & Wilmer's Portland office. I have over 31 years of experience in that role in a law firm setting.

3.    My rate in this matter was $315. I reviewed my time entries regarding appellee's request for attorney fees which show that I spent 8.70 hours on this task.

I declare under penalty of perjury that the foregoing is true and correct, and that I executed this document on February 25, 2025, at Portland, Oregon.

*s/ Lisa Hillas*
Lisa Hillas

## Certificate of Service

I hereby certify that on February 25, 2025, I electronically filed

**DECLARATION OF LISA HILLAS IN SUPPORT OF**

**APPELLEE'S REQUEST FOR ATTORNEY FEES** with the Clerk of

the Court for the United States Court of Appeals for the Ninth Circuit

by using the appellate CM/ECF system. On the same date, I served the

same document upon the following via email and first class mail,

postage prepaid, as addressed below:

Dr. Steven Holt, Sr.
1801 NE 87th Circle
Vancouver, WA 98682
drholt@tryxcellence.com


*/s/ Jennifer Langlois*
An Employee of Snell & Wilmer L.L.P.


4917-1181-7759

2