UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

STEVEN HOLT, an individual, and TRY
EXCELLENCE, LLC, an Oregon Domestic
limited liability company,

              Plaintiffs,

    v.

THE URBAN LEAGUE OF PORTLAND,
INC., et al,

              Defendants.

Case No. 3:22-cv-00837-YY

FINDINGS AND
RECOMMENDATIONS

**FINDINGS**

    Defendant The Urban League of Portland, Inc. ("ULPDX") successfully defeated

plaintiff Steven Holt's[1] defamation suit via an "anti-SLAPP" special motion to strike under

O.R.S. 31.150, and subsequently the court awarded ULPDX $93,918 in attorney fees and $402 in

costs under O.R.S. 31.152(3), O.R.S. 31.150, and O.R.S. 20.075. *See* Opinion and Order (Jan. 4,

2024), ECF 101; Opinion and Order (Aug. 5, 2024), ECF 121. Plaintiff appealed both rulings,

*see* Not. Appeal (Jan. 31, 2024), ECF 110; Not. Appeal (Aug. 14, 2024), ECF 123, but later

voluntarily dismissed the appeals after the briefing for the Ninth Circuit was completed but

---

[1] Although both plaintiff Holt and plaintiff Try Excellence, LLC are named in the complaint, the
relevant facts underlying the alleged claims are identical and the legal analysis is the same for
each plaintiff. Thus, these Findings and Recommendations use the singular "plaintiff" for clarity
as a collective reference for both plaintiffs.

1 – FINDINGS AND RECOMMENDATIONS

before the appellate court could rule on the merits. *See* Order from USCA for the 9th Circuit

(Mar. 12, 2025), ECF 149 at 6.[2] Defendant moved for an award of attorney fees for the appeal

under Ninth Circuit Rule 39-1.6, and then moved to transfer consideration of the attorney fees on

appeal back to this court under Ninth Circuit Rule 39-1.8, given the "familiarity with the case

and earlier adjudication of attorney fees." *Id.* at 4. The motion to transfer was unopposed, and the

Ninth Circuit granted it, meaning that defendant's request for attorney fees for the appeal is now

pending before this court. *See id*. at 1.

Defendant seeks $73,189 in "attorney fees and Westlaw charges," which includes

$56,568 in fees for work on the appeal itself, $11,786 in fees incurred in preparing the request

for the appellate fees, and $4,835 in Westlaw charges. *Id.* at 6–7, 16–18. Plaintiff, who is now

representing himself after his attorney withdrew from the case, *see* ECF 145, did not respond to

defendant's request for attorney fees on appeal. Nevertheless, defendant's requested fees are

independently reviewed for reasonableness. *See Liberty Mut. Ins. Co. v. RB Pamplin Corp.*, No.

3:24-cv-01598-AR, 2025 WL 1071652, at *5 (D. Or. Feb. 18, 2025), *report and*

*recommendation adopted,* No. 3:24-cv-01598-AR, 2025 WL 1070359 (D. Or. Apr. 7, 2025)

("The court has an independent obligation to review [a] fee request, even absent [any]

objections.") (citing *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992)).

Attorney fee awards in federal actions brought under state law are a substantive matter to

which state law applies. *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 809 (9th Cir. 2018); *In*

---

[2] The Ninth Circuit published two separate orders for plaintiff's appeal of the ruling on the merits of the case, ECF 110, and the ruling on ULPDX's motion for attorney fees, ECF 123. *See* Order from USCA for the 9th Circuit (Mar. 18, 2025), ECF 150 at 1. The orders and the underlying motions for attorney fees on appeal appear to be identical, and neither party identifies any difference between the two. These Findings and Recommendations refer to the first-filed order, ECF 149, in resolving ULPDX's currently pending request for attorney fees on appeal.

*re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838 (9th Cir. 2001). Here,  O.R.S. 31.152(3) provides that a "defendant who prevails on a special motion to strike made" under O.R.S. 31.150 "shall be awarded reasonable attorney fees and costs," and O.R.S. 19.440(1) authorizes the recovery of attorney fees on appeal under those same statutes. To determine a reasonable fee award under O.R.S. 31.152(3), the factors provided in O.R.S. 20.075 must be considered. *Biggar v. Oregon Bd. of Optometry*, No. 3:17-cv-00714-MO, 2018 WL 2244704, at *1 (D. Or. May 16, 2018) (citing *Robinson v. DeFazio*, 284 Or. App. 98, 103 (2017)). O.R.S. 20.075 "requires courts to undertake a two-part inquiry when assessing the amount of attorney fees to be awarded in a case such as this one where attorney fees are required by statute." *Id.* First, the court must consider:

(a)    The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

(b)    The objective reasonableness of the claims and defenses asserted by the parties.

(c)    The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

(d)    The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

(e)    The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

(f)    The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

(g)    The amount that the court has awarded as a prevailing party fee under O.R.S. 20.190.

(h)    Such other factors as the court may consider appropriate under the circumstances of the case.

O.R.S. 20.075(1). Second, the court must consider:

(a)    The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

(b)    The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

     (c)      The fee customarily charged in the locality for similar legal services.

     (d)      The amount involved in the controversy and the results obtained.

     (e)      The time limitations imposed by the client or the circumstances of the case.

     (f)      The nature and length of the attorney's professional relationship with the client.

     (g)      The experience, reputation and ability of the attorney performing the services.

     (h)      Whether the fee of the attorney is fixed or contingent.

     (i)      Whether the attorney performed the services on a pro bono basis or the award of attorney fees otherwise promotes access to justice.

O.R.S. 20.075(2); *see also Biggar*, 2018 WL 2244704 at *1–2.

As was true when the court considered defendant's motion for attorney fees for the district court phase of the litigation, the first set of factors supports defendant's requested amount of fees. It was clear early on that the merits of plaintiff's defamation claim were tenuous at best. *See* O.R.S. 20.075(1)(b). The emails attached to defendant's special motion to strike made clear that there had, in fact, been a harassment complaint lodged against plaintiff. *See* Def. Mot. Strike 3–4, ECF 35. Thus, the key issue in plaintiff's case—whether defendant's statement that plaintiff had been the subject of a harassment complaint was false—was doomed from the start. An award of fees here would deter future plaintiffs from asserting similarly meritless claims. *See* O.R.S. 20.075(1)(d).

This court is not as familiar with plaintiff's conduct in litigating the case on appeal, but according to defendant's currently pending request for attorney fees (to which plaintiff did not respond), plaintiff "forced ULPDX to prepare and file an answering briefing only to then move to voluntarily dismiss the appeal before a decision could be reached." Request for Attorney Fees, ECF 149 at 14. Plaintiff "filed a separate appeal" of the order awarding defendant attorney fees from the litigation in this court and then "unsuccessfully sought essentially an indefinite extension of time to file their opening brief, and unsuccessfully opposed ULPDX's motion for a

cost bond." *Id.* Plaintiff has not provided any reason to disbelieve defendant's characterization that plaintiff's "conduct in their attorney fees appeal was neither reasonable nor diligent," or defendant's characterization of the settlement discussions between the parties while the appeal was pending as generally not extensive and, obviously, fruitless. *Id.* at 9–10.

The second set of factors, which generally looks to the skill and experience of the attorneys, and other circumstances surrounding the attorney's representation of the client involved in the case, also supports defendant's requested fees. The court previously found that defense counsel Cliff Davidson's $525 hourly rate and Marsha Cotton's $425 hourly rate were reasonable, and plaintiff has not provided any basis for departing from that earlier ruling. *See* Order (Aug. 5, 2024), ECF 121; Findings and Recommendations (May 22, 2024) 5, ECF 114.

The hourly rates for the other defense attorneys who worked on the appeal are also reasonable based on their experience. The Oregon State Bar Economic Survey is the typical starting point for evaluating the reasonableness of attorney fees in a case like this one. *See* Local Rule 54-3 Practice Tip ("[T]he Court requests that fee petitions address the Economic Survey and provide justification for requested hourly rates higher than reported by the Survey."); *Roberts v. Interstate Distrib. Co.,* 242 F. Supp. 2d 850, 857 (D. Or. 2002) (explaining that in determining a reasonable hourly rate, the District of Oregon uses the OSB Economic Survey "as an initial benchmark"). Attorney Drew Eyman's requested $530 hourly rate is reasonable based on his years of experience in corporate litigation; according to the OSB Economic Survey, most recently published in 2022, the median hourly rate for corporate litigators is $519 per hour, with the 95th percentile being $892, adjusted for inflation as of May 2025.[3] Based on that same

---

[3] *See* 2022 OSB Survey, Table 37, https://www.osbar.org/_docs/resources/Econsurveys/ 22EconomicSurvey.pdf. All adjustments for inflation were made using the Bureau of Labor

survey, the inflation-adjusted median hourly rate for lawyers with 7 to 9 years of experience is $403, and $561 for those in the 95th percentile.[4] Similarly, attorney Jenna Teeny's requested $395 hourly rate is reasonable for a first-year associate; the inflation adjusted median rate for an attorney with 0 to 3 years of experience is $346, and $620 for those in the 95th percentile.[5]

The requested rates and billed amounts for paralegals Lisa Hillas and Nicole Whitney are not reasonable. A review of the time records shows both Hillas and Whitney billed at the paralegal rate for work such as preparing copies, mailing, calculating total billed amounts, and filing documents. Davidson Decl., Ex. 5 at 4, ECF 149; Davidson Decl., Ex. 13 at 2, ECF 152-1. These types of "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *see also Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009) (finding that "filing, transcript, and document organization time was clerical in nature and should have been subsumed in firm overhead rather than billed at paralegal rates"). The remainder of Whitney's billed time was spent on preparing and revising the excerpts of record for the appeal, work that largely consists of gathering documents from this court's docket, arranging them in a particular order, and creating a cover page; defendant offers no explanation for why this rather routine work should be billed at a paralegal rate. *See Uhl v. Colvin*, No. 1:13-cv-01303-SMS, 2016 WL 3361800, at *4 (E.D. Cal. June 16, 2016) (reducing paralegal's requested fee for work on "preparation of excerpts"). Therefore, the following entries are not recoverable:

| Timekeeper | Narrative | Date | Hours |
|---|---|---|---|

---

Statistics CPI Inflation Calculator, *available at* https://www.bls.gov/data/inflation_calculator.htm.
[4] 2022 OSB Survey, Table 36, https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf
[5] *Id.*

| Hillas | Draft Form 9 for filing with Appellees Request for Attorney Fees. | 2/24/2025 | .5 |
|--------|---------|---------|----|
| Hillas | Confirm and calculate Westlaw charges for inclusion in Appellees Request for Attorney Fees. | 2/24/2025 | .3 |
| Whitney | Review court filings and prepare supplemental excerpts of record and index. | 8/6/2024 | 1.2 |
| Whitney | Revise Supplemental Excerpts of Record for filing with the Ninth Circuit Court of Appeals. | 8/8/2024 | .5 |
| Whitney | Revise supplemental excerpts of record and index. | 8/8/2024 | .3 |
| Whitney | Revise Supplemental Excerpts of record and add additional documents and finalize for filing. | 8/13/2024 | .7 |
| Whitney | Revise index and certificate of service to reflect current date for filing and revise Answering brief with Statement of Related cases, Certificate of Compliance pursuant to Ninth Circuit rules. | 8/15/2024 | .5 |
| Whitney | Revise Answering brief and Supplemental Excerpts of record and file same with the Ninth Circuit Court of Appeals. | 8/16/2024 | .8 |
| Whitney | Review Clerk's order and prepare required copies of Answering Brief and Supplemental Excerpts of Record and send to the Ninth Circuit. | 8/19/2024 | .5 |

Apart from mentioning Hillas's 35 years of experience, defendant offers no other evidence from which to evaluate whether the requested rate of $315 for the remaining 7.9 hours of billable paralegal time is reasonable. According to the 2024 National Utilization and Compensation Survey Report ("2024 NALA Report") published by the National Association of Legal Assistants and Paralegals ("NALA"), the average hourly rate for paralegals in the "Far West" region is $136 and the national average hourly rate for paralegals with over 25 years of experience is $143.[6] *See Anderson v. Ross Island Sand & Gravel Co.*, No. 3:18-cv-00898-SB, 2018 WL 5993581, at *4 (D. Or. Oct. 24, 2018), *report and recommendation adopted,* No. 3:18-cv-00898-SB, 2018 WL 5985671 (D. Or. Nov. 12, 2018) (relying on NALA Report to evaluate reasonableness of paralegal rates). Defendant has not explained why such a drastic departure

---

[6] 2024 NALA Report at 32–33.

from the regional and national averages is justified here. Defendant did not, for example, provide any market-specific information about paralegal rates. *See Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1249 (D. Or. 2013) (relying on paralegal's resume, affidavit, affidavits from paralegals in the local legal community, as well as data from the Oregon Paralegal Association, to approve requested hourly rate). It should be noted, though, that the 2024 NALA Report also states that 20 percent of paralegals bill at an hourly rate of $201 or more.[7] And the work reflected in the billing statements seems to include tasks that a lawyer could have completed, such as analyzing whether certain fees may be recoverable and whether certain entries should be redacted. *See Ave. 33, LLC v. Aventurine Cap. Grp., LLC*, No. 3:23-cv-00896-YY, 2024 WL 554285, at *6 (D. Or. Jan. 16, 2024), *report and recommendation adopted as modified,* No. 3:23-cv-00896-YY, 2024 WL 1554169 (D. Or. Apr. 10, 2024) (finding higher rate for paralegal work was justified because it included "tasks that attorneys would have had to perform"). Given Hallas's experience and the type of work Hallas performed on the case, a higher than-average rate is justified; however, defendant has not adequately explained why a rate three times the regional average is reasonable. Recent cases in this district have found rates as high as $185 and $250 to be reasonable. *See Mondragon Martinez v. Contreras*, No. 3:24-cv-00694-HZ, 2024 WL 4528208, at *5 (D. Or. Oct. 17, 2024); *Magallon v. Robert Half Int'l Inc.*, No. 6:13-cv1478-SI, 2025 WL 1326740, at *5 (D. Or. May 7, 2025). Based on these cases and Hallas's experience and work on this case, a rate of $220 for the remaining request 7.9 hours of paralegal work is reasonable. In sum, an award of $1,738 for paralegal work for the appeal and preparation of the request for attorney fees on appeal is appropriate.

### RECOMMENDATIONS

---

[7] 2024 NALA Report at 30.

Defendant Urban League of Portland, Inc.'s Request for Attorney Fees (ECF 149, 150) in connection with plaintiff's appeal of this matter to the Ninth Circuit should be granted in part and denied in part: ULPDX should be awarded $70,904 in fees and costs, consisting of $55,285.50 in recoverable fees for work on the appeal itself, $10,783.50 in recoverable fees for preparing the motion for the appellate fees, and $4,835 in Westlaw charges.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Wednesday, July 30, 2025. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED July 9, 2025.


  _/s/ Youlee Yim You_
  Youlee Yim You
  United States Magistrate Judge